THE PEOPLE *ex rel.* H. H. Biggs, Appellant, *vs.* RICHARD P. SMITH, Appellee.

*Opinion filed October 26, 1908.*

1. TOWNSHIP ORGANIZATION—*request of a supervisor to be relieved of duty of overseer of poor is not a resignation of any office.* Under section 18 of the act relating to paupers a request by a town supervisor to the county board to be relieved of his duty as overseer of the poor is not a resignation of any office, and merely authorizes the board to appoint an overseer of the poor for such time as the board has authority to relieve the supervisor, which cannot extend beyond the life of the board.

2. SAME—*when new board of supervisors cannot appoint overseer of the poor.* When a board of supervisors, at the request of a town supervisor, appoints an overseer of the poor for a period of one year and the organization of such board ceases at the end of the year, the duties of overseer of the poor immediately devolve upon such supervisor, and the new board of supervisors cannot, without his request, appoint an overseer of the poor, notwithstanding the request of the supervisor to the old board asked relief from such duty "for his term."

APPEAL from the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Sangamon county; the Hon. R. B. SHIRLEY, Judge, presiding.

Appellee, R. P. Smith, was at the regular election in April, 1906, elected supervisor of Capitol township, Sangamon county, for the term of two years. By virtue of his office of supervisor the statute made him overseer of the poor of Capitol township. By section 18 of chapter 107, Hurd's Statutes of 1905, it is provided that in counties under township organization supervisors shall be *ex-officio*

overseers of the poor in their respective towns, and that in townships containing four thousand inhabitants or more, upon the written request of the supervisor, "the county board may appoint an overseer who is a resident of such town, fix his compensation and term of office, which shall not exceed the term of said board." Capitol township, in Sangamon county, contains more than four thousand inhabitants, and after his election in 1906 appellee sent to the board of supervisors the following communication:

"SPRINGFIELD, ILL., *April 10, 1906.*
"*To the Honorable Board of Supervisors of Sangamon county:*

"The undersigned supervisor of the township of Capitol, in said county, would respectfully request this honorable body to relieve him of the duties of overseer of the poor of Capitol township for his term.                   R. P. SMITH,
*Supervisor at large, Capitol township.*"

Thereupon the board of supervisors appointed an overseer of the poor for the ensuing year and fixed his compensation. Said appointee gave bond and entered upon the duties of his position, and continued to discharge said duties until the board making the appointment was succeeded by the new board, which was organized on the 9th day of April, 1907. Immediately upon the organization of the board of supervisors in 1907 the appellee presented to the board a communication, in which he stated that he would perform the duties of his office as *ex-officio* overseer of the poor for Capitol township during the ensuing year. The board of supervisors, however, on the 15th of April, 1907, appointed relator overseer of the poor of said Capitol township for the ensuing year at a salary of $100 per month. Relator gave the bond required by the board, which was approved, and demanded of appellee the books and papers belonging to the position of overseer of the poor. Appellee refused to deliver them to him, and thereupon an information in the nature of *quo warranto* was filed in this case by appellant, in which it was charged that relator was the lawful overseer of the poor of said Capitol township,

236—5

but that appellee had unlawfully usurped and intruded into and holds said office of overseer without any warrant or right whatever. The information contained the usual prayer that the appellee be required to show by what authority he claimed to be overseer of the poor of Capitol township. Appellee filed a plea setting up his election and qualification as supervisor in 1906; the communication addressed to the board that year by him, asking to be relieved of the duties of overseer of the poor; the appointment of an overseer by the board for that year; also the communication addressed by him to the new board upon its organization in 1907, stating that he would perform the duties of overseer of the poor, and alleging that he did thereupon enter upon the discharge of said duties and has so continued since that time. A demurrer was filed by appellant to this plea but was overruled, and appellant electing to stand by the demurrer, judgment for appellee was entered and the costs taxed against the relator. That judgment has been affirmed by the Appellate Court, and the case is brought to this court by appeal from said Appellate Court.

F. L. HATCH, State's Attorney, (E. S. SMITH, of counsel,) for appellant.

ALBERT SALZENSTEIN, and EDMUND BURKE, for appellee.

Mr. JUSTICE FARMER delivered the opinion of the court:

Appellant's contention is, that when appellee requested the board of supervisors to relieve him of the duties of overseer of the poor "for his term," it amounted to a resignation or relinquishment of the duties of overseer of the poor for the full term of his office as supervisor and that he could not again assume those duties during his term, and that the appointment of relator as overseer of the poor by the new board was valid. Appellee contends that he

could not resign as overseer of the poor without resigning the office of supervisor, but could only request the board to relieve him of those duties by appointing some person to perform them; that such appointment could only be made for a period not to exceed one year, and that upon the expiration of the term for which said appointment was made, the duties of the supervisor as overseer of the poor again devolved upon him.

It is not disputed that the term of the board to which appellee made his request expired upon the organization of the board of supervisors in 1907, and that the term of the overseer appointed by the old board also expired at that time. It then remains to be determined whether the new board could appoint an overseer of the poor upon the request made to the old board.

When appellee was elected and qualified as supervisor he became overseer of the poor by virtue of his election and qualification to that office. Overseer of the poor is not an office, but the duty of caring for the poor is by law made one of the duties to be performed by the supervisor by virtue of his office as such supervisor. The statute providing for the relief of a supervisor, at his request, from the duties of overseer of the poor does not contemplate a resignation of an office but simply relief from certain duties. The office to which the duties of overseer of the poor attaches is that of supervisor, and the only duty of that office that the incumbent may be relieved of, upon his request, is that of overseer of the poor. Asking to be relieved of those duties is not a resignation of any office. The authorities cited by counsel upon the subject of the resignation of an office are not applicable here. A supervisor could not resign as overseer of the poor without resigning his office as supervisor. All he could lawfully do while holding the office of supervisor was to request the county board to relieve him from the duties of overseer of the poor for such time as the board had authority to

relieve him. That is what he did. While it is true that in doing so he used the words "for his term," this meant no more than that he did not care to discharge the duties of overseer of the poor during his term of office and that he desired to be relieved of those duties for such a period of time as that board might lawfully relieve him. The board appointed a person to perform those duties for a period of one year. They could not appoint for a longer time. When this period expired, as it did in this case by the organization of the new board, the duties of overseer of the poor again devolved upon appellee, whose duty it was then to perform them or by request in writing ask the new board to relieve him of them. The request to the old board was not a request to the new board, and the new board in this case could not act upon the request made to the old board; and whether or not appellee notified the new board of his determination to resume the duties imposed upon him by law as overseer of the poor, those duties devolved upon him immediately upon the expiration of the term of the person appointed by the old board, and continued as a duty to be performed by him so long as he held the office of supervisor, or until he proceeded in accordance with the statute and requested the new board to relieve him of those duties and they complied with his request. No request was made to the new board that appointed relator for such relief, and its action in appointing him was without authority of law, and void. The trial court therefore did not err in overruling the demurrer to appellant's plea.

The judgment of the Appellate Court is therefore affirmed.

*Judgment affirmed.*