THE PEOPLE *ex rel.* Joseph M. Brown, County Collector, Appellee, *vs.* THE TOLEDO, ST. LOUIS AND WESTERN RAILROAD COMPANY, Appellant.

*Opinion filed December 16, 1914.*

1. TAXES—*item "for repairs of county property" is sufficiently definite.* An item of a county tax "for repairs of county property" is sufficiently definite to meet the requirement of section 121 of the Revenue act as to the several purposes of a county tax being stated separately.

2. SAME—*items of "sinking fund, $1000, interest, $475," sufficiently state the purpose of the tax.* Items of a county tax for "sinking fund, $1000, interest, $475," sufficiently state the purpose of the tax in view of the language of the act of 1905 enabling county boards to issue bonds and levy a tax for accrued interest and a sufficient sum to be set apart as a sinking fund.

3. SAME—*when pay of keeper of poor farm cannot be included in item for salaries of county officers.* The keeper of the county poor farm, who obtains his place by being the lowest responsible bidder for performing the duties of such keeper, is not a county officer, and his pay cannot be included in a county tax item "for salaries of county officers."

4. SAME—*county board may include an estimated amount for salary of the State's attorney.* The county board may include in the county tax item "for salaries of county officers" a reasonable amount with which to pay the county's portion of the State's attorney's salary in case the fees, fines, forfeitures and penalties paid into the county treasury are not sufficient for that purpose.

5. SAME—*county board has the power to levy a tax for State aid roads.* A county board has power to levy a tax for State aid roads, and is not limited, in the matter of raising such fund, to section 22 of the Roads and Bridges act of 1913. (*People* v. *Kankakee and Seneca Railroad Co. ante,* p. 497, followed.)

6. SAME—*when an objector cannot take advantage of failure to amend record.* An objector cannot take advantage of the failure to amend a record in accordance with leave granted by the court just before taking its noon recess, where he prevailed upon the court, after the recess, to admit the record in evidence although the attorney for the People objected to its admission upon the ground that he had gone home to dinner during the recess and had not had time to make the amendment.

APPEAL from the County Court of Bond county; the Hon. WILLIAM H. DAWDY, Judge, presiding.

C. E. COOK, C. E. POPE, and H. F. DRIEMEYER, (CHARLES A. SCHMETTAU, of counsel,) for appellant.

JOHN D. BIGGS, State's Attorney, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

On the application of the county collector of Bond county for judgment against the lands of the appellant for taxes alleged to be delinquent, objections to various taxes were filed. On a hearing some of the objections were sustained, others were overruled and judgment was entered with an order of sale, from which this appeal was prosecuted.

Four items of the county tax were objected to and the objections were overruled. One of them was an item of $1000 for repairs of county property. Section 121 of the

Revenue act, which requires the county board to determine the amount of county taxes to be raised for all purposes, requires that when the tax is for several purposes the amount for each purpose shall be stated separately. The object of this requirement is to give the tax-payer an opportunity to prevent unjust and illegal taxes. (*People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 231 Ill. 209; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 id. 312.) The word "repairs" designates only a single purpose, but it is objected that the amounts required for that purpose should have been distributed between the several kinds and pieces of property of the county. The statute must receive a reasonable construction, and it was plainly impossible for the county board to tell what minor repairs might be required during the coming year, from time to time, on the court house, jail, county farm buildings and other property. It would have been impossible to anticipate the amount of such items in advance, or where, either from ordinary wear and tear or from accident, some repair might become necessary. The amount levied was clearly within reason and the objection properly overruled.

The next item of the county tax objected to was, "Sinking fund, $1000; interest, $475,—$1475." The argument against this tax is that the item does not state the purpose, but we think it does. The act of 1905, enabling county boards to issue bonds, (Laws of 1905, p. 132,) requires the county board of each county issuing bonds to include in the amount of all taxes to be raised for county purposes in each year a sum sufficient to pay the accruing interest on such bonds and also a sufficient sum to be set apart as a sinking fund, to be accumulated and used as a payment of the principal of the bonds at their maturity. The General Assembly did not consider it necessary to give any further definition of a sinking fund, and the county board did what it was required by statute to do. That being so,

the tax was legal and the court was right in overruling the objection.

Another item was, "For salaries of county officials, $5000." The objection to that tax was that it was in excess of the amount necessary to pay salaries payable out of the county treasury. The salaries were fixed and certain and consisted of the following: County judge, $700; county superintendent of highways, $1000; State's attorney, $1700; and members of the board of supervisors, $400. The appellee insists that $400 paid to the keeper of the poor farm was a salary of a county official, but that is a mistake. The keeper of the poor farm was the lowest responsible bidder for performing the duties of such keeper, and the county board entered into a contract with him to perform them for $400. He was a mere employee and did not come within the definition of an officer contained in section 24 of article 5 of the constitution. His position was similar to that of an overseer of the poor or a janitor, who are held not to be officers. *People* v. *Smith*, 236 Ill. 64; *People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 id. 506.

The appellant contends that the salary of the State's attorney was not payable out of funds raised by general taxation, but that position cannot be maintained. Section 2 of the act of 1913 (Laws of 1913, p. 360,) provides that the salaries of the State's attorneys, excepting that part which is to be paid out of the State treasury, shall be paid out of the county treasury of the county in which the State's attorney shall reside, in quarterly annual installments, on the order of the county board on the treasurer of the county. It provides that the State's attorney's fees shall be taxed as costs, and all fees, fines, forfeitures and penalties shall be collected by the State's attorney and shall be paid by him into the county treasury, to be held as a special fund and applied to the payment of the salaries of the State's attorneys and assistant State's attorneys, or so

much thereof as the fund will meet. By this act the payment of the State's attorney's salary is charged upon the county treasury, and any balance above the amounts paid into the treasury to make up the salary is to be raised by general taxation. The purpose of the act is to provide a method of paying the State's attorney's salary by using the moneys paid by him into the treasury. (*Hoyne* v. *Danisch*, 264 Ill. 467.) The act contemplates, by its language, that the amounts paid into the treasury may not be sufficient to pay the salary. It was stipulated that the State's attorney of Bond county had collected and paid to the county treasurer fees and fines aggregating $381, and had other fees and fines aggregating $150 which he would turn over to the county treasurer to be applied to his salary. It was necessary to raise the balance by general taxation, and the necessary amount would be properly included in the tax levy and must necessarily be estimated, since no one could tell how much might be collected in fees, fines and penalties. The item of $5000 was in excess of the amount required by $1730, which the court should have deducted. The amount of that item charged against the appellant was small, but a definite standard was fixed by the law which the county board had no power to exceed, and even the amount estimated for the State's attorney would be reduced by whatever might be collected by him and paid into the county treasury.

The fourth item objected to was, "For State aid roads, $2500," and the objection was founded on the provision of section 22 of the Road and Bridge law for appropriating money in the county treasury or submitting the question of issuing bonds to the legal voters of the county. We have held such a tax legal in *People* v. *Kankakee and Seneca Railroad Co.* (*ante*, p. 497.)

The appellant objected to the road and bridge tax of the town of Shoal Creek on the ground that the commissioners of highways did not determine the tax rate at the

regular semi-annual meeting held between the first Tuesday in August and the first Tuesday in September. The meeting was held on August 30, but the record did not show that the rate to be thereafter certified to the county board was then determined. The appellant offered in evidence the record to show that the rate was not agreed upon at that meeting. The clerk who kept the record was dead, and the court heard evidence as to whether the record was complete and whether the rate was, in fact, determined upon. From the evidence the court gave leave to the appellee to amend the record of the meeting of August 30 to show that at that meeting the board agreed upon sixty cents on the $100 as the tax rate without any formal motion or resolution. It is urged that although leave was given to amend the record no amendment was in fact made and the leave given did not amount to an amendment. The record shows that the court took a recess after allowing the amendment, and on meeting at 1:30 P. M. the appellant offered the record, which had not yet been amended. The attorney for the appellee objected that he went home for dinner at the recess and had not had time to make the amendment, and his objection was overruled and the record was admitted in evidence. Objection was made to admitting the record in evidence until the attorney could make the amendment, but his objection was overruled at the instance of the appellant, and we do not think the appellant should take advantage of the ruling of the court in its favor or that the record showed the amendment was not, in fact, made as soon as it could be. The court did not err in overruling the objection to the road and bridge tax.

The judgment is affirmed except as to the item of $5000 for salaries of county officials, and as to that item it is reversed and the cause remanded to the county court, with directions to make a reduction of $1730 therefrom and to render judgment accordingly.

*Reversed in part and remanded, with directions.*