THE PEOPLE *ex rel.* Walter B. Rogers, County Collector, Appellant, *vs.* THE CHICAGO, BURLINGTON AND QUINCY RAILROAD COMPANY, Appellee.

*Opinion filed December 16, 1914.*

1. TAXES—*the statute requiring items for county purposes to be stated separately must receive reasonable construction.* The statute requiring the purposes for which county taxes are levied to be stated separately must receive a reasonable construction in view of the object of the statute, which is to afford tax-payers an opportunity to object to an unjust tax.

2. SAME—*when items of a county tax are sufficiently specific.* Items of a county tax "for repairs upon, and care, support and maintenance of, court house, $4000," and "for repairs upon, and care, support and maintenance of, the county jail, $3500," are, under the facts shown by the record of this case, separated sufficiently to comply with the statute.

3. SAME—*county board has power to levy a tax for State aid roads.* A county board has power to levy a tax for State aid roads under its general power to levy taxes for county purposes. (*People v. Kankakee and Seneca Railroad Co.* 265 Ill. 497, followed.)

APPEAL from the County Court of Morgan county; the Hon. PAUL F. GROTE, Judge, presiding.

ROBERT TILTON, State's Attorney, and THOMAS F. SMITH, for appellant.

JOSEPH A. CONNELL, and WILLIAM D. BARGE, (CHESTER M. DAWES, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This was a proceeding in the county court of Morgan county to obtain judgment against the lands of appellee for taxes of 1913 alleged to be delinquent. Objections were filed by appellee to that portion of the county tax levied to raise money for State aid roads, and also to that portion of said tax levied for the repair, care, support and maintenance of the court house and jail. The county court sus-

tained objections to all these taxes, and this appeal was perfected on behalf of the appellant.

The objection to the tax levy for State aid roads is identical with that which we considered in *People* v. *Kankakee and Seneca Railroad Co.* 265 Ill. 497. For the reasons stated in the opinion in that case the county court erred in sustaining the objections to this tax.

The items as to the county tax for court house and jail for the year 1913 read, respectively, as follows: "For repairs upon, and care, support and maintenance of, the court house, $4000." "For repairs upon, and care, support and maintenance of, the county jail, $3500." The county court sustained objections to the taxes levied against appellee's property under these two items, on the ground that neither of them is sufficiently specific to comply with section 121 of the Revenue law. That section requires that when the tax is levied for several purposes "the amount for each purpose shall be stated separately." It is neither necessary nor practicable that each particular claim for which the tax is levied shall be specifically stated. The statute should receive a reasonable, common-sense construction. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 Ill. 312; *People* v. *Toledo, St. Louis and Western Railroad Co.* 231 id. 498.) There is no valid objection to levying a gross sum for several different purposes where the several purposes are properly embraced within some general designation. (*People* v. *Bowman,* 253 Ill. 234.) The object of stating in the levy the amount for each purpose separately is to give the tax-payer an opportunity to present objections to the levy of an unjust assessment. No fixed rule can be laid down as to just how many separate subdivisions or heads a given tax levy should be divided into. Each case must, in some measure, be decided in accordance with its special facts. (*People* v. *Vogt,* 262 Ill. 170.) The wording of these items is not as clear as it well might be. We presume that the county

authorities meant by "care and support," the light, heat and (possibly) water furnished these buildings. The word "maintenance" might include ordinary repairs for the building, as it might also include the care of the building. If the word "repairs" had been omitted, under the ruling of this court in *People* v. *Cairo, Vincennes and Chicago, Railway Co. supra,* the itemizing as to the care, support and maintenance of the jail, and the same for the court house, would have been sufficient. If the item for repairs had been separate, even though it included in one item the repairs for all the county buildings, under the decision of this court in *People* v. *Toledo, St. Louis and Western Railroad Co.* 265 Ill. 502, such itemizing would have been sufficient. Ordinary repairs, such as are required every year in buildings of this character, might properly be included in the same item as maintenance, care or support; extraordinary repairs on public buildings (which would require very much more than the usual annual expense for repairs for ordinary wear) might well be separately itemized. There is nothing in the wording or the amount of either of these items that would suggest that the repairs were extraordinary. It would be somewhat difficult for a county board to determine the exact amount that might be needed for ordinary repairs, or for coal, heat or light, or any other item that is incidental to the annual maintenance of the court house or jail. On this record we hold that these items were sufficiently specific, and the court erred in sustaining objections thereto.

The judgment of the county court will be reversed and the cause remanded, with directions to overrule the objections of appellee and enter judgment accordingly.

*Reversed and remanded, with directions.*