THE PEOPLE *ex rel.* Jack Lusk, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed February 17, 1915.*

1. TAXES—*mothers' pension fund tax is not exclusive of the seventy-five cent limitation on county taxes.* The three-mill tax for mothers' pension fund is a county tax and must be included in the seventy-five cents on the $100 which a county may levy for county purposes, notwithstanding the act authorizing a mothers' pension fund provides that the tax for such purpose shall not be reduced under the act for the levy and extension of taxes.

2. SAME—*the general county taxes should be levied for fixed amounts.* Neither the constitution nor the statute contemplates that taxes for general county purposes shall be levied by percentages, but that the amounts to be levied for the several county purposes shall be fixed and stated separately.

3. SAME—*levy of a certain percentage for repair and building purposes is indefinite.* An item of a county tax levy of a certain percentage for repair and building purposes is too indefinite, as a levy for building purposes should not only state the amount necessary for the building, but should also state the use for which the building is to be erected.

4. SAME—*town clerk's certificate for total sum levied for town tax is sufficient.* A town clerk's certificate for the total sum levied for town taxes, including moneys voted at the annual town meeting and accounts audited by the town auditors, is sufficient, as the information as to the separate items is to be found by the tax-payer in the town clerk's office.

5. SAME—*town may levy a reasonable amount for contingent expenses.* A town may levy a reasonable amount as a contingent fund for purposes which cannot be foreseen.

6. SAME—*what does not affect validity of hard road tax.* If a hard road tax is levied by the commissioners for the full period of five years and the commissioners' certificate of levy is filed with the town clerk and a certified copy filed by the town clerk with the county clerk before the taking effect of the new Roads and Bridges act July 1, 1913, the tax is valid and it is the duty of the county clerk to extend the portion due each year, as it is not necessary that new levies and certificates shall be made annually.

7. SAME—*when court should permit railroad company to show the amount of track in a new village.* Where a railroad company having no knowledge of the organization of a new village fails to

show in its schedule the amount of railroad track within the corporate limits thereof and the county clerk determines for himself the amount of such track, the court, on application for judgment and order of sale, should permit the company to show by parol evidence the amount of its property within the village.

8. Same—*each tax is a lien only as to property in the taxing district.* Each tax is a lien upon railroad property only as to the amount of such property in the taxing district, and in rendering judgment the court should limit such judgment to the property in the taxing district levying the tax for which judgment is given.

Appeal from the County Court of Saline county; the Hon. K. C. Ronalds, Judge, presiding.

P. J. Kolb, (L. J. Hackney, and Frank L. Littleton, of counsel,) for appellant.

Sam Thompson, State's Attorney, and Geo. E. Dodd, for appellee.

Mr. Chief Justice Cartwright delivered the opinion of the court:

The appellant, the Cairo, Vincennes and Chicago Railway Company, interposed objections to judgment against its property in the county court of Saline county for various taxes of the year 1913. Some of the objections were overruled and judgment was entered, from which this appeal was prosecuted.

The appellant objected to the excess of the county tax above the constitutional limit of seventy-five cents on each $100 of taxable property and also to one of the items of the tax. The board of supervisors adopted a resolution levying seventy-five cents on each $100 assessed valuation of all taxable property in the county, to be apportioned as follows: Twenty-five per cent of the levy to pay court costs and expenses; twenty per cent for keeping and maintaining the poor of the county; twenty per cent to pay salaries of county officials; five per cent to pay for books and stationery; three per cent to pay for fuel; two per

cent to pay for janitors' service; five per cent for feeding
and caring for prisoners; five per cent to pay special as-
sessments against county property; fifteen per cent to pay
for repair and building purposes; and also levying the sum
of three cents on each $100 of taxable property to be ap-
propriated for a mothers' pension fund. The constitutional
provision is, that county authorities shall never assess taxes
the aggregate of which shall exceed seventy-five cents on
each $100 valuation of taxable property, except to pay in-
debtedness existing at the adoption of the constitution, un-
less authorized by a vote of the people. The county board
of Saline county by its resolution levied seventy-five cents
on each $100 valuation, apportioned as above stated, and
three cents on each $100 valuation as a mothers' pension
fund, and the county clerk extended the tax at the rate of
seventy-eight cents on each $100 valuation. The answer
made by counsel to the objection that the constitutional
limit was exceeded is, that section 16 of the law authoriz-
ing a mothers' pension fund provides that it is not a county
tax and is exclusive of the seventy-five cent limitation of
the constitution. That section provides that the tax is not
to be reduced under the provisions of the act concerning
the levy and extension of taxes, but it is a county tax lev-
ied by the county board, and the fund is to be administered
by the county to pay to mothers the amounts designated by
orders of the court. It is of the same nature as the twenty
per cent included in the resolution for maintaining the poor
of the county, and it was neither the intention of the Gen-
eral Assembly nor within its power to provide that such a
tax should be exempt from the limitation of the constitu-
tion. While it was not to be included in the scaling process,
the county clerk was not authorized to extend the county
tax at a rate exceeding the constitutional limit; and the
court erred in overruling the objection.

The item of the county tax objected to was the fifteen
per cent of the total levy to pay for repair and building

purposes, and the ground of the objection was that the item was indefinite and uncertain. The statute provides that the county board shall annually determine the amount of county taxes to be raised for all purposes, and when for several purposes, the amount for each purpose shall be stated separately. The General Assembly may, at least as to some taxes, provide for the levy of a certain per cent regardless of the amount to be produced by the tax, but as to general county taxes neither the constitution nor the statute contemplates the levy of a certain percentage of the taxable property of the county for county purposes, but both provide for levying fixed amounts, which in the aggregate shall not exceed seventy-five cents on each $100 of taxable property. This is clearly shown by the statutory provision that when the tax is for several purposes the amount for each purpose shall be stated separately. That statute clearly contemplates that the amounts shall be ascertained and fixed so that the tax-payer may know the amounts to which he is to contribute a proportionate share, according to the value of his property, without going to the assessment books of the county or the records of the State Board of Equalization and making computations for the purpose of protecting himself against unjust and illegal burdens. The General Assembly authorized a tax, not exceeding three-tenths of a mill on the dollar, for a mothers' pension fund, (Laws of 1913, p. 127,) and the legality of that method is not questioned. Neither is there any argument against the item based on the manner in which the tax was levied, so that the question whether a tax levied by percentages, without fixing amounts, is uncollectible, under the liberal rule concerning objections not affecting the substantial justice of a tax, is not involved. The objection argued is, that the specification of repair and building purposes was not sufficient. There may be numerous small items of repair which cannot be anticipated so as to specify them more particularly than by the word "repairs," (*Peo-*

*ple* v. *Toledo, St. Louis and Western Railroad Co.* 265 Ill. 502,) but where buildings are contemplated the amount to be expended is not only ascertainable, but the building and its use may readily be stated, and the statement is necessary to give the tax-payer the information to which he is entitled. A levy for building purposes can only mean that a building is to be erected, and in the case of this levy some undivided and uncertain portion of the fifteen per cent might be devoted for such a purpose. (*People* v. *Kankakee and Southwestern Railroad Co.* 231 Ill. 109; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 237 id. 312; *People* v. *Bowman,* 253 id. 234.) The court erred in overruling that objection.

A portion of the town tax of East Eldorado was objected to because the certificate of the town clerk was for a total sum of $4000, including moneys voted at the annual town meeting and accounts audited by the town auditors. The source of information as to the separate items is to be found by the tax-payer in the town clerk's office and they need not be stated by the town clerk. *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 360.

A portion of the town tax of the town of Harrisburg was objected to on the same ground as the tax of the town of East Eldorado, and also because it contained an item of $700 for contingent expenses. The objection to the town clerk's certificate has been answered above, and as no objection was made to the amount of the tax, and a town may levy a reasonable amount as a contingent fund for purposes which cannot be foreseen, the objection was properly overruled, as was held in the case last above cited.

The hard road tax of the town of East Eldorado was objected to because there was no certificate of the highway commissioners on file in the office of the county clerk, as required by section 110 of the present Road law. A tax of one dollar on each $100 of taxable property for the term of five years was voted by the electors at the town meeting

266 – 36

on April 1, 1913, and on April 15, 1913, the commissioners levied the tax for the whole period and filed a certificate of levy in the office of the town clerk. The town clerk filed a certified copy of the certificate with the county clerk, in compliance with the law then in force. It was not necessary that new levies and certificates should be made annually during the five years, (*People* v. *Illinois Central Railroad Co.* 237 Ill. 154,) and the highway commissioners having a right to immediately levy the tax, and having done so, it became the duty of the county clerk to extend the portion of the tax due each year upon the tax books for the year upon which the levy fell due. The hard road tax became a valid charge against the taxable property of the town, which was not affected by the provision of the present act, approved June 27, 1913, for a certificate by the commissioners.

There was an objection to the village tax of the village of Ledford on the ground that the appropriation ordinance and tax levy ordinance were passed on the same day and under the statute the appropriation ordinance was not in force until ten days after it was published, and therefore was not in force when the tax levy ordinance was passed. The proof did not sustain the objection.

The tax of the village of Carrier Mills was objected to on the ground that it was extended by virtue of an appropriation ordinance and there was no certified copy of the tax levy ordinance on file with the county clerk. The evidence was that the tax was not extended by virtue of the appropriation ordinance, and the county clerk testified that there was a levy ordinance filed in his office as the basis of the tax. The fact alleged in the objection was not proved.

The village of Muddy was organized in January, 1913, and the appellant having no knowledge of the fact, failed to show in its schedule any property owned by it within the village. The county clerk had a right to resort to other sources of information as to the location of the property,

(*Indiana, Illinois and Iowa Railroad Co.* v. *People,* 154 Ill. 558,) and he determined for himself the amount of the property and extended the tax on 4006 feet of main track and apportioned the rolling stock of appellant on that basis, and fixed the amount of second track at 3659 feet and the length of side-track at 9106 feet. The appellant objected to the tax on the ground that there were but 1818 feet of main track, 1828 feet of second track and 4340 feet of side-track within the corporate limits, which would make the total value of its property $7363 instead of $15,412, as fixed by the county clerk. The appellant attempted to prove the facts alleged in its objection, but the court refused to permit it to do so. It is argued that the court was right because parol evidence was not admissible, but that was the only kind of evidence that could be produced and it was competent. No notice having been given to the appellant to show, by its schedule or otherwise, the amount of its property within the village, it had a right to show the actual amount at the first opportunity afforded for that purpose. The court erred in sustaining the objection to the evidence.

It is admitted that the court correctly overruled objections to a levy of six cents on each $100 of taxable property in the town of East Eldorado under section 58 of the present Road law, also to the road and bridge tax of the town of Harrisburg and the road and bridge tax of the town of Stonefort and the village tax of the village of Bolton, but error is assigned as to those taxes, and all other taxes except the county tax, that the judgment was against all the property of appellant in Saline county. That assignment must be sustained, because each tax is a lien only on the property in the taxing district. *Wabash, St. Louis and Pacific Railway Co.* v. *People,* 137 Ill. 181; *People* v. *Cincinnati, Indianapolis and Western Railroad Co.* 261 id. 582.

The judgment of the county court is reversed and the cause is remanded, with directions to sustain the objections to the county tax above the constitutional limit and the tax

of fifteen per cent for repairs and building purposes, to hear evidence of the amount of appellant's property in the village of Muddy and to render judgment accordingly, to overrule all other objections, and to limit the judgment in all cases to the property of appellant in the taxing district.

*Reversed and remanded, with directions.*