THE PEOPLE *ex rel.* H. B. Peterson, County Collector, Appellee, *vs.* THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.

*Opinion filed December 22, 1915.*

1. TAXES—*statute requires highway commissioners to hold two meetings.* The Roads and Bridges law of 1913 requires the highway commissioners to hold two meetings, the first to determine the rate and the second to determine and certify the amount necessary to be raised; and it is necessary that the certificate of the amount shall be in dollars and cents, and not merely the percentage on each $100 assessed valuation of taxable property.

2. The objection to the county tax "for fees and salaries of county officials" was held not to be good in *People* v. *Illinois Central Railroad Co.* (*post,* p. 236.)

COOKE, J., dissenting.

APPEAL from the County Court of Bureau county; the Hon. JAMES R. PRICHARD, Judge, presiding.

WATTS A. & CAREY R. JOHNSON, for appellant.

C. N. HOLLERICH, State's Attorney, for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

The New York Central Railroad Company filed objections to the application of the county collector of Bureau county for judgment against its property for delinquent taxes for 1914. The objections were overruled and the railroad company appealed.

The first objection was to an item of the county tax "for fees and salaries of county officials, $20,000." This objection is the same which was considered in the case of *People* v. *Illinois Central Railroad Co.* (*post,* p. 236,) and was there held not to be good.

Another objection is to the road and bridge taxes of the towns of Hall and Selby, and is based upon the certificates of the commissioners of highways of those towns.

The commissioners of the town of Selby certified that the amount determined to be raised by taxation upon all the taxable property in said town for the year 1914 was an amount equal to sixty-one cents on $100 valuation of the taxable property in said town. The certificate for the town of Hall was identical, except that the rate was thirty-five cents on each $100. Section 56 of the Road and Bridge law requires the commissioners to determine and certify to the board of supervisors the amount necessary to be raised by taxation. They are required by section 50 to hold a meeting for the purpose of determining the rate to be certified, and by section 56 at another meeting to determine and certify the amount. These two meetings are required, and the statute states specifically that the first shall be for the purpose of determining the rate and at the second the amount of the tax shall be determined and certified. (*People* v. *Illinois Central Railroad Co.* 270 Ill. 485.). We have held that where the statute requires highway commissioners to certify the amount necessary to be raised by taxation the certificate must state in dollars and cents the amount required. (*People* v. *Chicago, Indiana and Southern Railroad Co.* 265 Ill. 622.) Also in *People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 557, it was held that the statute did not contemplate the levy of taxes for general county purposes by percentages but that the amounts to be levied should be fixed and stated. This objection should have been sustained.

The judgment is affirmed as to the county taxes and reversed as to the road and bridge taxes of the towns of Hall and Selby and the cause is remanded, with directions to the county court to sustain the objection to such road and bridge taxes.

*Reversed in part and remanded, with directions.*

Mr. JUSTICE COOKE, dissenting.