The People *ex rel.* S. D. Burton, County Collector, Appellee, *vs.* The Illinois Central Railroad Company, Appellant.

*Opinion filed December 22, 1915—Rehearing denied Feb. 3, 1916.*

1. Taxes—*county cannot levy tax to pay the "salaries" of officers who are paid out of the fees earned.* A county can make no levy to pay the "salaries" of the county clerk, circuit clerk, sheriff and treasurer, which are paid out of fees earned and collected.

2. Same—*county may levy tax to pay deficiencies in salaries of officers paid out of fees earned.* A county may make a levy to pay deficiencies for which it is liable in the salaries of county officers who are paid out of fees earned and collected, provided such officers have earned fees from the county to that amount.

3. Same—*when gross sum may be levied for different purposes.* There is no valid objection to levying a gross sum for several different purposes where the several purposes are properly embraced within some general designation, as the statute does not contemplate that each particular claim for which the tax is levied shall be separately stated.

4. Same—*tax for fees and salaries may be levied in one sum.* The fact that the compensation to county officers must be made in some cases by the payment of salaries and in others by the payment of fees for services rendered does not make the fees and salaries for which a tax levy is made, purposes so distinct that they cannot be included in a levy of a lump sum for "salaries."

5. SAME—*meeting to determine tax rate is essential to validity of road and bridge tax.* Under the Roads and Bridges act a meeting of the highway commissioners between the first Tuesday in August and the first Tuesday in September to determine the tax rate is essential to the validity of the tax.

6. SAME—*when town clerk may amend record of meeting.* The town clerk has power, at the direction of one commissioner, to amend the record of a meeting of highway commissioners so as to show that the road tax rate was fixed at such meeting if such amendment is in accordance with the fact as shown by the testimony, and the amended record may be introduced in evidence on application for judgment and order of sale.

APPEAL from the County Court of Moultrie county; the Hon. JOHN T. GRIDER, Judge, presiding.

F. M. HARBAUGH, for appellant.

J. K. MARTIN, State's Attorney, (J. L. McLAUGHLIN, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This appeal from a judgment and order of sale for taxes involves one item of the Moultrie county tax levy and the road and bridge tax of the town of Sullivan.

The item of the county tax objected to is for "fees and salaries, $10,000." It is insisted that this item includes more than one purpose and is therefore void. It is shown that the salaries for the county officers for which the county is liable amount to $4000. The salaries of the county clerk, circuit clerk, sheriff and treasurer, which are paid out of the fees earned and collected, are not included in this amount and no levy can be made for their payment. The county may, however, become liable to pay fees for services rendered the county by such officers to an amount equal to the deficiencies in their salaries if they have earned fees from the county to that amount. This amount cannot, however, be paid to them as salaries but as fees earned, the same as fees are earned by services rendered to individ-

uals. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112.) A levy to pay fees to the amount of the deficiency in such salaries would be within the power of the county if the officers have earned fees for services rendered to the county to that amount. The section of the statute which requires that when the county tax is levied for several purposes the amount for each purpose shall be stated separately does not require that each particular claim for which the tax is levied shall be separately stated. There is no valid objection to levying a gross sum for several different purposes where the several purposes are properly embraced within some general designation. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 266 Ill. 196.) The purpose for which this levy was made was manifestly the compensation of the county officers for their services. The fact that the compensation must be made in some cases by the payment of salaries and in others by the payment of fees for services rendered did not render the fees and salaries for which the levy was made, purposes so distinct that they could not be included in a levy for the one general purpose. No one could tell how much the deficiencies in the salaries might be, and the amount required would necessarily be estimated. It is not claimed that the amount levied is excessive but only that it was not properly itemized, and this objection was properly overruled.

The objection to the road and bridge tax of the town of Sullivan is, that there was no meeting of the highway commissioners between the first Tuesday in August and the first Tuesday in September, at which the tax rate was determined. This meeting was essential to the validity of the tax. (*People* v. *Toledo, St. Louis and Western Railroad Co. supra.*) A meeting was held on August 22, 1914, but the record of that meeting contained no reference to the fixing of the tax rate. On June 7, 1915, the town clerk, by direction of the single highway commissioner of Sullivan township, amended the record of that meeting so as to show

that the rate was fixed at that meeting. He had the power to amend the record according to the truth. (*People* v. *Carr*, 265 Ill. 220.) It was shown by testimony of the highway commissioner and the town clerk that this was in accordance with the fact. The amended record was properly introduced in evidence, and it obviated the objection made to the tax.

The judgment of the county court will be affirmed.

*Judgment affirmed.*