THE PEOPLE *ex rel.* Thomas J. Dale, County Collector, Appellee, *vs.* WILLIAM J. JACKSON, Receiver, Appellant.

*Opinion filed April 20, 1916.*

1. TAXES—*when item of county tax is sufficiently specific.* An item of a county tax for "Public buildings, light, heat and repairs, $12,000," is valid, as being for the general purpose of maintenance, care and repair of public buildings, and it is not necessary that the amounts required for each part of such general purpose be stated separately.

2. SAME—*county board cannot levy full amount for salaries of State's attorney and his assistant.* The power of the county board to make a levy to pay the salaries of the State's attorney and his assistant extends only to such sum as in the reasonable discretion of the board will equal the deficiency in the collections of the State's attorney's office out of which such salaries are paid, and it is without power to levy an amount equal to the full salaries of such officers.

3. SAME—*the county board may authorize the employment of a stenographer for State's attorney and levy a tax for compensation.* If the employment of a stenographer is necessary to the performance of the duties of the State's attorney the county board may authorize such employment and levy a tax for the necessary salary, as the act of 1913 in regard to State's attorneys contemplates the employment of other employees besides the assistant State's attorney and the incurring of other legal expenses of the State's attorney's office.

4. SAME—*item for State aid roads and bridges should be separated.* An item of $61,000 for State aid roads and bridges should be separated so as to show the amount required for roads and the amount required for bridges. (*People* v. *Illinois Central Railroad Co.* 266 Ill. 183, followed.)

5. SAME—*section 22 of the Roads and Bridges law presupposes a levy antecedent to the appropriation.* Section 22 of the Roads and Bridges law of 1913, which provides that the county board may appropriate the necessary funds for the construction of State aid roads if there be sufficient in the treasury applicable to the purpose, presupposes a levy antecedent to the appropriation, and as it cannot be known, when the levy is made, what the county's allotment from the State will be, the county board may exercise a reasonable discretion in making the levy, and the fact that the amount levied exceeds the amount which may be allotted to the county in

any one year does not render the excess void for want of power to make the appropriation.

6. SAME—*requirement of statute for separate statement of items of tax does not apply to town tax.* The requirement of section 121 of the Revenue act that the county board shall state separately the amount required for each purpose does not apply to town taxes, which are governed by section 122, and it is not necessary that the tax for town purposes shall be itemized, so as to show the amount levied for each purpose.

7. SAME—*judgment for town tax should not be against all of railroad company's property in the county.* A judgment for a town tax should not be against all of the objecting railroad company's property in the county but only against the portion in the town.

8. SAME—*determination of the rate at the meeting on the first Tuesday in September is not sufficient.* At the meeting of the highway commissioners on the first Tuesday in September the commissioners are required to determine and certify the amount, in dollars and cents, required for road and bridge purposes, and it is not sufficient to merely determine and certify the rate per cent.

APPEAL from the County Court of Vermilion county; the Hon. LAWRENCE T. ALLEN, Judge, presiding.

H. M. STEELY, and H. M. STEELY, JR., for appellant.

JOHN H. LEWMAN, State's Attorney, (ACTON & ACTON, REARICK & MEEKS, GEORGE A. RAY, and THOMAS A. GRAHAM, of counsel,) for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment of the county court of Vermilion county overruling objections to certain taxes and rendering judgment and order of sale against the property of appellant, receiver of the Chicago and Eastern Illinois and Eastern Illinois and St. Louis Railroad Companies.

Objections were made to the county tax as to the item for "public buildings, light, heat and repairs, $12,000," on the ground that the levy was for several purposes and the amounts were not separately stated. The statute requiring the levy of a county tax for several purposes to state the

amount for each purpose separately does not require the
subdivision of items which are properly embraced within
some general designation. This court has said that it is
neither necessary nor practicable that each particular pur-
pose for which the tax is levied be specifically stated. The
statute must receive a reasonable and common sense con-
struction. (*People* v. *Cairo, Vincennes and Chicago Rail-
way Co.* 237 Ill. 312.) In *People* v. *Chicago, Burlington
and Quincy Railroad Co.* 266 Ill. 196, an item "for repairs
upon and care, support and maintenance of court house,
$4000," was objected to on the ground that the purposes
were not separately itemized. The court there held that
the items were sufficiently specific. The words used there
are no more specific than those here under consideration.
In both, the purpose was the maintenance, repair and care
of public buildings. The trial court rightly overruled this
objection.

A further objection was made to two items, "State's
attorney's salary, $5000," and "State's attorney's assist-
ant, $2100," because these two salaries were, under the
law, (except the part from the State,) payable out of fees,
fines, forfeitures and penalties collected by the State's at-
torney's office, and only the deficit, if any, should be in-
cluded in the tax levy. It was also objected that since
$400 of the State's attorney's salary was payable by the
State the county had no right to levy a tax for that por-
tion. This court has held that a levy might properly be
made of an amount sufficient to make up an estimated de-
ficiency in fees, fines, forfeitures and penalties to pay the
salary of a State's attorney and his assistants. (*People* v.
*Toledo, St. Louis and Western Railroad Co.* 265 Ill. 502;
*People* v. *Toledo, St. Louis and Western Railroad Co.* 267
id. 142.) While these salaries, under section 2 of the
State's Attorneys act of 1913, (Laws of 1913, p. 360,) are
a proper charge against the county, payable out of its gen-
eral funds, that statute provides that all fees, fines, forfeit-

ures and penalties collected by the State's attorney should be paid into the county treasury, to be held as a special fund for the payment of the salary of that official and his assistants. The only amount that should be raised by taxation for the payment of such salaries is the deficiency, if any, between the amount of said fees, fines, forfeitures and penalties so collected and the amount necessary for the payment of the salaries. The evidence shows that in previous years the State's attorney collected in such fees, fines, forfeitures and penalties within two or three hundred dollars of an amount sufficient to pay such salaries. The county board has a reasonable discretion to determine in advance the amount that must be levied to meet such deficiency and furnish that portion of the salaries required to be raised by general taxation. (*People* v. *Illinois Central Railroad Co.* 266 Ill. 126; *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 261 id. 33.) The county board in this case, however, did not exercise its judgment or discretion but arbitrarily levied the full amount for the salaries of the State's attorney and his assistant, without deducting even the $400 payable by the State. Counsel for the People argue that the amount of the fees, fines, forfeitures and penalties to be collected by the State's attorney was taken into consideration in determining the amount of the county tax levy, being deducted from the total of that levy. This is not in accordance with the statute. The law requires the levy to specify the amount levied for each purpose, creating out of the collections by the State's attorney's office a special fund for the payment of these salaries. The county board could only levy a tax, as to salaries of the State's attorney and his assistant, for an amount equal to the estimated deficiency in the collections of the State's attorney's office. The trial court should have sustained this objection.

The further objection is made that an item of $600 "for State's attorney's stenographer" was improperly in-

272 — 32

cluded in the levy. Said State's Attorneys act of 1913 provides in section 3, among other things, that the special fund collected from fees, fines, forfeitures and penalties shall be paid out and distributed as follows: "Out of said fund the salaries of the State's attorney and all assistant State's attorneys shall be paid, or so much thereof as said fund will meet, the balance of said salaries, if any, to be paid by said county as herein otherwise provided: *And, further, provided,* that on July first of each year, the county treasurer shall, if there remain in said fund after paying said salaries then due and lawful employees of said. State's attorney's office and other legal expenses, of said State's attorney's office, and retaining a sum sufficient to pay one quarterly payment of said salaries, and [any] balance, pay over said balance to the county superintendent of schools of said county to be by him turned into and to become a part of the distributable school fund," etc. (Laws of 1913, p. 360.) Before said State's Attorneys act of 1913, just quoted from, became law, this court held in *People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 Ill. 506, that there was no such officer as a county stenographer and no authority for the appointment of one, and that the salary of such officer could not be included in a levy of a county tax in the item "salaries for county officers," the plain intimation of the opinion being that the legislature could authorize, by appropriate legislation, the appointment and payment of a county stenographer. Manifestly, it was intended by said section 3 of the State's Attorneys act that other employees than assistant State's attorneys could be lawfully employed in the State's attorney's office and paid out of any excess in fces, fines, forfeitures and penalties collected by such office. In the larger counties of the State a stenographer may be as necessary for the proper performance of the State's attorney's duties as an assistant. Under proper conditions the county board may authorize such employment and pay therefor, provided the State's attor-

ney does not collect fees, fines, forfeitures and penalties sufficient to pay such stenographer, as provided in said sec- tion 3 of the State's Attorneys act.   Indeed, this court has sanctioned the payment of "court stenographer's" fees by the county out of general taxes before the passage of said State's Attorneys act.   (*People* v. *Bowman,* 253 Ill. 234.) This conclusion is not in conflict with any decision hereto- fore handed down by this court. .

Appellant further objects to the item of $61,000 for State aid roads and bridges.   Counsel earnestly argue that this amount is excessive.   It is shown that the amount allot- ted by the State Highway Commission to Vermilion county for State aid roads, including the re-allotment, March 10, 1915, was $34,133, and that the county board at its Sep- tember meeting, 1913, levied and appropriated for State aid roads the sum of $30,476.   It is argued that the dif- ference ($3657) is all that the county board had any au- thority to levy at its September meeting, 1914.   The present Road and Bridge law provides for the allotment by the State Highway Commission each year to each county, from appropriations made by the General Assembly for carrying out the provisions of this law, of an amount bearing the same ratio to the total State appropriation for that year that the total amount levied in such county for roads and bridges bears to the total amount levied in all the counties in the State as determined from the last report in the office of the Auditor of Public Accounts.   The law further pro- vides that the sum so allotted to each county shall be used to defray the cost of constructing State aid roads, but that it shall not be used to defray more than one-half the cost of any improvement made under the provisions of said law.   Obviously, therefore, the amount to be allotted to any county depends not only upon the amount of such county's appropriation but upon the State's appropriation and the amount of the appropriations in other counties.   The Forty- ninth General Assembly, for the purpose of building and

maintaining State aid roads for each of the years beginning July 1, 1915, and July 1, 1916, appropriated $1,000,000. Section 22 of the said Road and Bridge law provides that the county board may appropriate the necessary funds for the construction of State aid roads if there be sufficient in the treasury available for the purpose. This necessarily presupposes a levy prior to the making of the appropriation, otherwise there could be no funds in the treasury applicable to the purpose. To secure an allotment from the appropriation for the two years just referred to, beyond question it was necessary for the county board to make an appropriation. The county could not receive an allotment larger than the amount appropriated or larger than its proper amount of the total appropriation. It follows that the county board must exercise its judgment as to the amount which should be appropriated. There was allotted to the county in July, 1915, the sum of $29,428.78. The county has appropriated, therefore, $27,914.22 more than has been allotted to it, but a further allotment will be made hereafter. When this levy was made there was no means of knowing that a sum equal to the allotment of July, 1915, would not be allotted to the county within the year. Even though the amount levied exceeds the amount which may be allotted to the county for any one year, the excess can not be said to be void for want of power in the county board to make the appropriation, as the board has the right to exercise reasonable discretion and business judgment as to the amount of the levy. *People* v. *Atchison, Topeka and Santa Fe Railway Co. supra.*

The further objection is made that the amount of this appropriation levied for roads should have been ,stated separately from the amount levied for bridges. This court held that these amounts should be levied in separate items in *People* v. *Illinois Central Railroad Co.* 266 Ill. 183. The conclusions in that case must control here, under the

present wording of the statute. This objection on this point should have been sustained.

The further objection was made to the following items in the town tax of Ross: "Lighting town hall in Rossville, repair of closets and heating plant at Rossville and Alvin town halls, janitor service at Alvin town hall, repair of buildings and grounds of town halls, $1797." It is argued that the amount of this levy should have been itemized, designating the amount for each purpose separately. The provisions of the Revenue law requiring a separate statement by the county board of the amount required for each purpose for which taxes are levied does not apply to the town tax. The requirement of section 122 in regard to the levying of town taxes is only that the proper authorities shall certify to the county clerk the amounts that they require to be raised by taxation. The information as to the separate items can be found by the tax-payer in the town clerk's office. (*People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 557.) The judgment for this tax was, however, rendered against all of the property of appellant located in said county. It should have been limited to appellant's property in said town of Ross. *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112.

The further contention is made that the objection to the road and bridge taxes of the towns of Danville, Pilot and Sidell should have been sustained because the highway commissioners of each of said towns certified a rate per cent to be expended for road and bridge purposes instead of certifying a specific amount in dollars and cents. Under the statutes as construed by this court this objection should have been sustained. *People* v. *New York Central Railroad Co.* 271 Ill. 231; *People* v. *Illinois Central Railroad Co.* 271 id. 236.

The judgment will be reversed and the cause remanded, with directions to sustain appellant's objection to the salaries of the State's attorney and his assistant, to the road

and bridge taxes, including those of the towns of Danville, Pilot and Sidell, and to overrule all other objections and to render judgment accordingly, limiting the judgment for the town tax for the town of Ross to the property of appellant located in that town.

*Reversed and remanded, with directions.*