The People ex rel. James Ryan, County Collector, Appellee, vs. The Illinois Central Railroad Company, Appellant.

*Opinion filed June 22, 1916.*

1. Taxes—*when levy of a gross sum for several purposes is valid.* A levy of a gross sum for "payment of fees and salaries and clerk hire of the various county officers" is not invalid because it does not specify each purpose separately, as the several purposes mentioned are properly embraced in the general designation; but it is proper to sustain an objection to the excess over the amount the county is bound to pay.

2. Same—*when parol evidence is admissible.* A levy for "payment of fees and salaries and clerk hire of the various county officers" is not for an illegal purpose in whole or in part, even though it may be in excess of the amount the county is authorized to pay, and extrinsic evidence is admissible to show the amount the county is bound to pay for the purposes specified, and the levy, to that extent, is valid, even though it is void as to the excess.

3. Same—*meeting fixing rate does not authorize highway commissioners to certify the amount.* The action of highway commissioners at a meeting at which the rate of road and bridge taxes is fixed does not authorize the commissioners to certify the amount of the tax.

4. Same—*town clerk's record may show meeting of highway commissioners.* As the town clerk is the clerk of the board of highway commissioners, the meeting of the commissioners to fix the amount of road and bridge taxes may be shown by the town clerk's record showing the action of the commissioners in making a levy in a certain amount for road and bridge purposes on the same page of the record which records the meeting of the board of town auditors on the first Tuesday in September.

5. Same—*fact that no meeting of commissioners was held can not be shown by parol testimony.* The fact that no meeting of the highway commissioners was held as required by law cannot be shown solely by the testimony of a witness that no meeting was held, as the action of the highway commissioners must be shown by the record.

Appeal from the County Court of Logan county; the Hon. Charles J. Gehlbach, Judge, presiding.

W. A. Covey, (John G. Drennan, of counsel,) for appellant.

EVERETT SMITH, State's Attorney, (McCORMICK & MURPHY, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

This is an appeal from the judgment of the county court of Logan county against the property of the appellant for taxes for the year 1914. The taxes involved are a part of the county tax and the road and bridge tax of certain townships.

The part of the county tax objected to is an item of $22,500 for the "payment of fees and salaries and clerk hire of the various county officers." The objection is that the item is for more than one purpose and fails to designate the amount required for each purpose separately. There is no valid objection to a levy of a gross sum for several purposes where those purposes are properly embraced within some general designation. (*People* v. *Chicago, Burlington and Quincy Railroad Co.* 266 Ill. 196; *People* v. *Illinois Central Railroad Co.* 271 id. 236.) In the latter case a levy "for fees and salaries, $10,000," was sustained. That levy was substantially the same as the levy here, which was manifestly made for the purpose of paying the compensation for services rendered by the various county officers which the county was authorized to pay. The objection was sustained to all of this item in excess of $9926, which was the amount of compensation the evidence showed the county was bound to pay.

The appellant insists that a part of the levy was for purposes which were illegal; that the whole levy was therefore illegal, and that parol evidence could not be received to show that a levy for a part of the amount was authorized by law. This position cannot be sustained. No part of the levy was for illegal purposes. The levy states its purpose. The county board was authorized to make a levy for the purpose stated, and the tax, when collected, can be applied only to that purpose,—that is, to the payment of such fees,

salaries and clerk hire of the various county officers as the county is bound to pay. To the extent that the levy exceeds the amount the county was required to pay, the levy was void, but it was valid for such amount. It is proper to show the amount which the board had the power to levy and enter judgment for that amount. *People* v. *Toledo, St. Louis and Western Railroad Co.* 265 Ill. 502; *People* v. *Toledo, St. Louis and Western Railroad Co.* 266 id. 112.

The objections made to the road and bridge taxes are, that the commissioners failed to hold one or the other of the meetings required by law for the levy of a tax, or failed at one or the other of such meetings to take the action required by law. No objection is made that the certificates filed were not proper in form and substance.

In Elkhart township the record of the meeting of the highway commissioners held on the first Tuesday in September shows that they then determined that there should be levied upon the taxable property of the town for the construction, maintenance and repair of roads and bridges, the sum of fifty-eight cents on each $100 valuation. The commissioners thereupon certified a levy of the sum of $7500. The action of the meeting which fixed the rate did not authorize the certificate of the commissioners of a certain amount. (*People* v. *Toledo, St. Louis and Western Railroad Co.* 266 Ill. 112; *People* v. *Illinois Central Railroad Co.* 270 id. 485; *People* v. *New York Central Railroad Co.* 271 id. 231.) The objection to this tax should have been sustained.

The objection to the road and bridge tax for Prairie Creek township was that there was no record of the meeting of the commissioners on the first day of September, as required by law. The town clerk's record shows a meeting of the board of town auditors on that day, and on the same page, and as a part of the same record, appears the record of the action of the commissioners making a levy of $6700 for road and bridge purposes. The town clerk is made the

clerk of the board of highway commissioners, and the record thus made by him of the meeting of the commissioners is sufficient. (*People* v. *Cincinnati, Lafayette and Chicago Railroad Co.* 270 Ill. 516.) This objection was properly overruled.

In Sheridan township it was contended that there was no meeting on the first Tuesday in September. No record of such meeting was introduced and no proof was introduced that there was no such record. The appellant relies upon the testimony of the town clerk that no special meeting of the highway commissioners was held for the purpose of certifying the amount to be levied for road and bridge purposes. Whether he meant that no meeting was called specially for that purpose or that no meeting whatever of the commissioners was held is uncertain. The action of the highway commissioners can be made to appear only by their record. If a meeting was held and no action was taken the fact can be shown by the record of the meeting, or if no meeting was held on the day required by law that fact can be established by showing that the record of the commissioners fails to show such meeting but not by parol testimony of witnesses that no such meeting was held. This objection was properly overruled.

The record of the highway commissioners of the town of Laenna, as originally written, shows a meeting on August 22, 1914, at which the commissioners determined that a levy of $4000 should be made, and another meeting on the first Tuesday in September at which they determined that thirty-six cents on the $100 valuation should be levied for road and bridge purposes. These records did not justify the extension of the tax, but during the pendency of the cause in the county court a meeting of the highway commissioners was held on July 6, 1915, at which a resolution was adopted amending their records so as to show that the rate of thirty-six cents on each $100 was agreed upon at the meeting in August. No amendment was made,

however, of the record of the meeting in September. The record still shows that the commissioners made a levy of thirty-six cents on the $100. At the bottom of the record, below the signature of the town clerk, appears this memorandum: "A tax levy of $3000 for road and bridge purposes by highway commissioners." The clerk testified that he wrote those words below the regular record of the meeting on the same day. The record shows that the commissioners fixed the rate of taxation, and the note below was apparently only a memorandum of the amount which that rate would probably produce. The record of the meeting of September 1 does not show the proper action taken by the commissioners sufficient to sustain the tax.

The objection to the road and bridge tax in Chester township should have been sustained, because the commissioners did not, at their meeting in August, determine the rate of tax. For the same reason the objection should have been sustained to the tax in Orvil township.

In the town of Oran the commissioners held a meeting on August 26, 1914, at which they decided that they needed $3500 for road and bridge purposes. There is no record of any meeting held on the first Tuesday of September. The commissioners filed a certificate, but the town clerk's record contains no record of any meeting. The record of the meeting of August 26 was amended so as to show that at that meeting a rate of sixty-one cents was agreed upon, but because the record failed to show a meeting in September the objection to the tax should have been sustained.

The judgment of the county court will be affirmed as to the county tax and the road and bridge tax of the towns of Prairie Creek and Sheridan, and as to the road and bridge tax of the towns of Laenna, Chester, Orvil, Elkhart and Oran the judgment will be reversed and the cause will be remanded to the county court, with directions to sustain the objections to those taxes.

*Reversed in part and remanded, with directions.*