THE PEOPLE *ex rel.* Dan G. Lee, County Collector, Appellee, *vs.* THE CINCINNATI, LAFAYETTE AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1910.*

1. TAXES—*objector is required to overcome prima facie case made by collector.* Upon application for judgment and order of sale for taxes, if the collector makes the formal proof which constitutes a *prima facie* case in his favor, one who is objecting to any tax has the burden of overcoming it by evidence.

2. SAME—*salaries of a janitor and stenographer cannot be included in county tax for salaries of officers.* Salaries of a janitor and "county stenographer" cannot be included in a county tax for "salaries of officers," as a janitor is not an officer within the constitutional definition and there is no authority of law for the appointment of a county stenographer; and if county officers who receive compensation, either in the form of fees or salary, require the services of a stenographer they must pay for such services.

3. SAME—*what does not overcome item of county tax for "salaries of officers."* The mere fact that $7500 will cover all of the salaries which a county is required to pay does not establish the invalidity of any part of a county tax item of $12,500 for "salaries of officers," even though the $7500 is included in that item and though no tax can be levied to pay for the services of officers who must receive their compensation from fees, as the county is re-

quired, under the Fees and Salaries act, to pay such officers' fees for certain services, which could properly be included·in such item.

4. SAME—*charges against towns for support of paupers was not intended to cover all of a county's pauper expense.* Even where paupers are supported by the several towns wherein they reside or become chargeable, it was not intended that the charges against the towns should cover the entire expenses which a county may lawfully incur in the care of paupers.

5. SAME—*item of county tax for "care of paupers" is not, as a matter of law, invalid.* An item of county tax for the "care of paupers" is not, as a matter of law, invalid, even though certain rates are levied by the respective towns of the county for the support of paupers, as there may be transient persons not chargeable to any town, who require temporary relief, and expenses connected with the county poor-house and its maintenance, which the county might lawfully pay and which might be included in such item.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, and WALTER C. SCHNEIDER, for ap-. pellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Dan G. Lee, county collector of Kankakee county, applied to the county court of the said county for judgment against the property of the Cincinnati, Lafayette and Chicago Railway Company for delinquent taxes for the year 1909, and the railway company filed objections to the different taxes. A county tax of $60,000 was levied, made up· of different items, including building purposes $11,000, salary of the officers $12,500 and care of paupers $8000. The objections included the items for building purposes and care of paupers and $5000·of the item for salary of officers. The collector admitted that the item for building purposes was not sufficiently specific, and the court sustained

the objection to that item and the objections to the other taxes, except the items for salaries of officers and care of paupers. Judgment was entered in accordance with the finding, and the railway company appealed.

The collector made the formal proof which constituted a *prima facie* case in his favor and the railway company was called upon to overcome it by evidence. The objection to $5000 of the item of $12,500 for salaries of officers was that $7500 would cover all the salaries which the county was required to pay, and no evidence whatever was offered to sustain that objection. It was stipulated that the item was included in the county tax, but that did not establish the invalidity of any part of it. It is argued that some of the county officers must receive their compensation and office expenses out of the fees of the office and that no tax whatever can be legally levied to pay the same. It is true as to some county officers that they must get their compensation out of fees, but the county is required to pay them fees, under the Fees and Salaries act, for certain services, the amount of which the record in this case does not show. The collector offered in rebuttal, evidence of the salaries allowed to county officers, and included a janitor and a county stenographer. Counsel for the railway company are correct in their claim that a janitor is not an officer under the accepted definition of an office given in the constitution, and there is no authority for the appointment of a county stenographer. If the county officers who receive compensation, either in the form of fees or salary, require the services of a stenographer they must pay for such services themselves. Excluding these items, however, is not sufficient to show that the amount included in the tax for salaries was in excess of the amount for which the county authorities were authorized to levy a tax.

The only evidence relating to the item for care of paupers consisted of a stipulation that certain amounts therein named were levied at the annual town meetings in the re-

spective towns for the support of paupers; but if the county could not, under any circumstances, levy a tax for the care of paupers, the objection would be good as a matter of law and no evidence would be required. The several towns in Kankakee county are required to support all paupers residing within their respective limits and all non-resident paupers becoming chargeable, as such, therein. (Laws of 1861, p. 135.) But even where the paupers are supported in that way, the county is authorized to establish and maintain a county poor-house and to fix a rate per day or per week that each town shall pay for the support and maintenance of its paupers therein. The collector proved that there was a poor-house in Kankakee county, with stock on the farm and employees raising garden produce for the paupers, and a superintendent, who, with his wife, was paid a salary of $100 per month. There is also a physician for the paupers who is paid $240 a year, and transient paupers whose homes are not in that county and who are not chargeable to any particular town are aided and cared for at the poor-house. It is intended that the charges against the towns for the support of their paupers shall be sufficient to cover the expense of such support, but there may be transient persons requiring temporary relief for which no charge could be made to any particular town, and there might be expenses connected with the poor-house and its maintenance which the county might properly pay and which would be fairly included under the item of care of paupers. The objection was that the county had no power to levy any tax for the care of paupers, and it was not sustained by the evidence.

The judgment is affirmed.          *Judgment affirmed.*