THE PEOPLE *ex rel.* Dan G. Lee, County Collector, Appellee, *vs.* THE KANKAKEE AND SENECA RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. TAXES—*when misprision of the town clerk is properly disregarded by the court.* Where the amended certificate of the town clerk shows a levy of $350 for payment of town officers and $150 for the town poor the tax should not be defeated because the record of the town meeting introduced in evidence shows the adoption of a motion that such amounts be allowed to the supervisors for the "preceding" year, as the word "preceding," as so used, is a mere clerical misprision, and is properly disregarded by the court.

2. SAME—*hard roads petition need not state that signers possess necessary qualifications.* If a hard roads petition is, in fact, signed by persons possessing the necessary qualifications under the statute, it is not necessary that the petition shall show, on its face, that the signers were qualified.

3. SAME—*a vote and levy for hard roads must follow petition.* Land owners may petition for a vote upon the proposition to levy a tax for the construction of gravel, rock, macadam or other hard roads, leaving the character of the road to be determined by the highway commissioners; but if they petition for a vote to levy a tax for constructing one particular kind of hard road the vote and levy must follow the petition, and if extended to include other kinds of hard roads the tax is invalid.

4. SAME—*notice and ballot should follow the petition.* The requirements of notice and of the form of the ballot in an election to vote upon a proposition to build hard roads are in the alternative, and the notice and ballot should follow and agree with the petition.

5. SAME—*laws conferring power to tax must be strictly construed.* Laws which confer upon municipal authorities, as highway commissioners, the right to levy a tax must be strictly con-

strued, and their requirements must be strictly complied with or the power will not be conferred.

6. The objections to the county tax in this case are the same as those made in *People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 Ill. 506, and for the reason stated in the opinion in that case were properly overruled.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, and WALTER C. SCHNEIDER, for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Per CURIAM: This is an appeal by the Kankakee and Seneca Railroad Company from a judgment for taxes, and the People have assigned cross-errors.

The same objections were made to the county tax as in the case of *People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 Ill. 506, and for the reasons stated in the opinion in that case were properly overruled.

Objection was made to the town tax of the town of Essex because the certificate of the town clerk upon which it was extended showed a levy of a gross sum for town purposes and because no town tax was levied for the year 1909. The certificate was afterward amended so as to show a levy of $350 for the payment of town officers and $150 for the town poor. As amended the certificate was sufficient, but the record of the town meeting which was introduced in evidence showed the adoption of a motion that "the supervisors be allowed $500 for use for town purposes during the preceding year, $350 to be used for payment of town officers and $150 to be used for town poor." The use of the word "preceding" is manifestly a clerical misprision. It might have been omitted or the word "succeeding" used. The meeting had no authority to make such

levy for the past year but had such authority for the coming. It is clear that it was the intention of the voters then present to exercise the power which they possessed of levying taxes for one year, and as there was only one year to which their action could apply, the misprision of the clerk who recorded their action was properly disregarded by the court and the appellant's objection to the tax was rightly overruled.

Objection was made to the levy of a hard road tax in the town of Essex because no petition for a vote for or against levying such tax, signed by the required number of qualified signers, was presented to the town clerk. The town meeting was held on April 6, 1909. The statute then in force provided that upon the petition of fifty land owners who were legal voters of any township, to the town clerk, he should, when giving notice of the next annual town meeting, also give notice that a vote would then be taken for or against levying a tax, not to exceed one dollar on each $100 assessed valuation of all taxable property in the township, for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads. The petition was required to state the location and route of the proposed road or roads, not exceeding two, and the rate per cent, not exceeding one dollar on each $100, and the number of years, not exceding five, for which the tax should be levied. (Hurd's Stat. 1908, p. 1873.) It is objected to the petition that it does not state that the signers are land owners in the town and legal voters therein. The statute requires the petition to contain certain statements and to be signed by persons having certain qualifications. The fact that the signers possess the necessary qualifications is not required to be stated. If the petition is, in fact, signed by the requisite number of persons legally qualified and otherwise complies with the statute it is sufficient, and it is stipulated that the signers were, in fact, qualified.

It is further objected that the highway commissioners were not authorized to levy this tax because the vote and levy did not follow the prayer of the petition. The statute authorizes a vote for or against levying a tax for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads. The petition was for a vote upon the proposition to levy a tax to be used in constructing macadamized roads. The notice and election were for levying a tax for the purpose of constructing and maintaining gravel, rock, macadam or other roads, and the levy is for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads. The statute authorizes a vote upon the question of levying a tax for hard roads upon a petition. The petitioners have the right to determine the kind of road they want voted upon,—whether gravel, rock, macadam or other hard road. They may, if they see fit, petition for a vote upon levying a tax for gravel, rock, macadam or other hard road, leaving the character of the road to be determined by the highway commissioners, but if the petition is for a vote upon a particular kind of hard road the vote must be had upon that proposition and cannot be extended to other kinds of road. The requirements of notice and of the form of the ballot are in the alternative and the notice and ballot should follow and agree with the petition. Laws which confer upon municipal authorities, as highway commissioners, the right to levy a tax must be strictly construed, and their requirements must be strictly complied with or the power will not be conferred. The petition here was for a tax to construct and maintain a macadam road. That question was not voted upon and the levy was not made for that purpose. The objection to this tax should have been sustained.

The judgment will be affirmed as to the town tax of the town of Essex and the county tax, and will be reversed as to the hard road tax of the town of Essex.

*Judgment affirmed in part.*