THE PEOPLE *ex rel.* Dan G. Lee, County Collector, Appellee, *vs.* THE CHICAGO AND EASTERN ILLINOIS RAILROAD COMPANY, Appellant.

*Opinion filed December 21, 1910—Rehearing denied Feb. 10, 1911.*

1. TAXES—*town clerk's certificate need not recite that the several items have been audited.* It is not necessary, under the statute, that the certificate of the town clerk to the county clerk shall recite that the several items for which taxes are to be levied have been audited, approved and allowed by the board of auditors.

2. SAME—*certificate of town clerk need not show that all antecedent steps have been taken.* Under section 4 of article 12 of the Township Organization law, requiring the town clerk to certify annually to the county clerk the amount of taxes to be raised for all town purposes, it is not necessary that such certificate show, on its face, that all antecedent steps have been taken.

3. SAME—*what does not invalidate levy of tax to pay bonded indebtedness of town.* If the board of town auditors has properly audited an item for the payment of bonded indebtedness and certified the same to the town clerk the latter is authorized to certify the amount to the county clerk, and the legal effect of the action of the board of auditors and town clerk is not destroyed because the voters at the town meeting also voted to levy the tax. (*People v. Chicago, Burlington and Quincy Railroad Co.* [*ante,* p. 81,] distinguished.)

4. SAME—*tax-payer has no vested rights under statutes which fix basis for assessing property.* Tax-payers have no vested rights under statutes which fix a certain portion of the actual value of property as a basis for assessment, as that entire subject is within the control of the legislature. (*People v. Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 327, followed.)

5. The objections made to the items of the county tax for "salaries of officers" and "care of paupers" are the same as were made in *People v. Cincinnati, Lafayette and Chicago Railway Co.* 247 Ill. 506, and for the reasons there stated were properly overruled.

APPEAL from the County Court of Kankakee county; the Hon. A. W. DESELM, Judge, presiding.

W. R. HUNTER, and WALTER C. SCHNEIDER, for appellant.

J. BERT. MILLER, State's Attorney, for appellee.

Mr. CHIEF JUSTICE VICKERS delivered the opinion of the court:

The county court of Kankakee county overruled certain objections filed by the Chicago and Eastern Illinois Railroad Company to the rendition of judgment for taxes for the year 1909. The railroad company has prosecuted an appeal from that judgment, and the county collector has assigned cross-errors upon the judgment sustaining other objections interposed by appellant.

The evidence shows that a levy of $60,000 for county purposes was made upon the property of the county, and among the items for which this tax was levied are the following: $11,000 for building purposes, $8000 for care of paupers, and $12,500 for salaries of officers. The item for $11,000 for building purposes is void because it is not stated more specifically what the tax is levied for. It is conceded that the objection to this item was properly sustained. The objection to the item of $8000 levied for the care of paupers was properly overruled. The objection here made to this item is the same objection that was considered by this court at the present term in the case of *People* v. *Cincinnati, Lafayette and Chicago Railway Co.* 247 Ill. 506, and is disposed of contrary to appellant's contention by what is said in that case. The item of $12,500 for salaries of county officers is objected to because, it is said, it exceeds the amount required to pay the salaries of county officers by $5000. This same item was objected to by the appellant in *People* v. *Cincinnati, Lafayette and Chicago Railway Co. supra,* and under the evidence in the record in that case it was held that the proof failed to affirmatively show that this tax was excessive. The evidence offered by appellant in the case at bar is substantially the same as that in the case above referred to.

What was said by this court in that case is a sufficient answer to appellant's contention in this case.    There was no error in overruling appellant's objections to these items.

Appellant also objected to a levy of $1000 in the town of Ganeer, levied to pay bonded indebtedness. The objection made to this tax is that it was levied by the electors at a meeting held April 6, 1909.    This court has held that the town meeting has nothing to do with the levy of a tax to pay principal or interest upon bonded indebtedness. (*St. Louis, Rock Island and Chicago Railroad Co.* v. *People,* 147 Ill. 9.)    The proper method of providing a tax to meet bonded indebtedness is pointed out in the case of *People* v. *Chicago, Burlington and Quincy Railroad Co.* (*ante,* p. 81,) but the case at bar is not controlled by the rule laid down in that case.    The facts here present an entirely different situation from that before us in the case last above cited.    The evidence in the record in the case before us shows the following facts:    On March 31, 1909, the town board of auditors met in regular session for the purpose of auditing claims against the town.    The record of that meeting shows that numerous claims were audited and approved. The record also shows the following:    "We, the auditing board, recommend that one thousand dollars ($1000) be raised at the town meeting April 6, 1909, to pay on bonded indebtedness."    The board of town auditors at the same meeting made a formal certificate certifying that they had allowed a claim in favor of the holders of bonds Nos. 5 and 6 for $500 each.    Said certificate was duly signed by the board of auditors and filed with the town clerk, and a copy of it, made on a separate piece of paper, was pasted into the record book.    Charles B. Astle, a member of the board of auditors, testified that the board allowed $1000 for the purpose of paying the two bonds, Nos. 5 and 6, mentioned in the certificate.    This witness explains the reason for referring the matter of levying the $1000 to pay bonded indebtedness to the town meeting and also making

a certificate to the town clerk, by saying that the board of auditors were "up in the air" as to what ought to be done with these bonds, and that to be sure they were right they would allow it at the auditor's meeting and also bring it up at the town meeting. On April 14 the town clerk made a certificate, which was transmitted to the county clerk, on which the taxes in the town of Ganeer were extended. This certificate is in the following words and figures:

"I, George Marland, clerk of said township, hereby certify that in pursuance of authority by section 3 of article 4 of the Township Organization law, the electors of said township in township meeting assembled on the first Tuesday in April, A. D. 1909, elected to raise for the year A. D. 1909, by taxation on all the taxable property in said township, for all township purposes authorized by law, to-wit:

| | | |
|---|---:|---:|
| Election expenses, the sum of | $ 100 | 00 |
| Officers' salary, the sum of | 200 | 00 |
| Printing, the sum of | 50 | 00 |
| Town poor, the sum of | 500 | 00 |
| Highway commissioners, the sum of | 150 | 00 |
| On bonded indebtedness, two bonds, sum of | 1,000 | 00 |

$2,000 00
GEO. MARLAND, *Town Clerk.*

"Making the aggregate sum of two thousand dollars ($2000), as appears in the record of the proceeding of said township meeting now in my office in said township.

"Given under my hand at Ganeer town hall, in said township, this 14th day of April, A. D. 1909.

GEO. MARLAND, *Township Clerk.*"

In pursuance of the above certificate the county clerk extended $1000 of taxes to pay bonded indebtedness in the said town. On the hearing of the objection before the court the appellee asked and obtained leave of the court to amend the certificate of the town clerk by inserting after the word "meeting," in last line, the following: "and from the certificate of the board of town auditors." Appellant assigns error upon the order of the court permitting the amendment of this certificate. There was no error in allowing the amendment to this certificate. (*People* v. *Kan-*

*kakee and Southwestern Railroad Co.* 237 Ill. 362; *Toledo, St. Louis and Western Railroad Co.* v. *People,* 225 id. 425; *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 id. 327.) There is nothing in the statute requiring the town clerk to set out in his certificate the proceedings that occurred either in the town meeting or in the meeting of the board of auditors. Section 4 of article 12, chapter 139, of Hurd's Statutes of 1909, provides that the town clerk "shall annually at the time required by law certify to the county clerk the amount of taxes required to be raised for all town purposes." Section 122 of the Revenue law contains a similar provision and fixes the time within which such certificate shall be made. Section 7 of article 13 of the Township Organization law provides that the auditing board shall make a certificate and file the same with the town clerk, specifying the nature of the claims allowed and the amount thereof, and the name of the person in whose favor they are allowed, and shall certify in the same manner the amounts required to be raised by taxation for town purposes. All claims of every kind and character which are a proper charge against the town must thus be audited and allowed, and the certificate should specify every sum directed by law to be raised for any town purpose, as provided in section 8 of article 13. The information which the tax-payer is entitled to have should be contained in the certificate of the board of town auditors. It is not necessary, under the statute, that the certificate of the town clerk made to the county clerk should recite that the several items for which taxes are to be levied have been audited, approved and allowed by the board of auditors. The certificate to the county clerk is intended as a guide to that officer in properly extending the taxes against the town, and it is not necessary, under the statute, that such certificate should show, on its face, that all of the antecedent steps have been taken. The board of auditors having properly audited the item for the payment of bonded indebtedness and certified

the same to the town clerk, that officer was authorized to certify, as he did, to the county clerk the amount required for that purpose. The levy of $1000 in the town of Ganeer having been made by the proper officers and in the proper manner, the action of the town meeting in reference to the levying of this tax did not destroy the legal effect of the acts of the board of auditors and the town clerk. The objection to this item of taxes was properly overruled.

The appellee assigns cross-errors upon the action of the court in sustaining objections of appellant to the amount of hard road taxes in the towns of Momence, Ganeer and Yellowhead in excess of sixty cents on each $100 valuation of property in the several towns. These towns had each voted in favor of levying a tax not exceeding one dollar upon the hundred for hard road purposes. At the time the vote was taken the statute provided that the assessment for all purposes should be upon the basis of one-fifth of the actual value of the property. Under the statute which went into force July 1, 1909, the basis of assessment was changed from one-fifth to one-third. Appellant contends, and the court below so held, that the levy of taxes under the vote for hard road purposes must be at a rate which would not exceed, in the aggregate, the amount that would have been paid at one dollar per hundred valuation upon the one-fifth basis. The argument in support of this contention seems to proceed upon the theory that the vote of the electors to levy one dollar per hundred upon a one-fifth valuation constituted a contract, which could not be impaired by the subsequent act of the legislature increasing the basis of valuation. This view cannot receive our approval. The tax-payer has no vested rights under statutes which fix a basis of assessment. The entire subject is within the control of the legislature, and may be changed whenever, in its wisdom, it sees proper to do so. This question has had the consideration of this court in the case of *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 327,

and a conclusion reached adverse to the contention of appellant. The court below erred in sustaining the objections to the hard road tax in the towns of Momence, Ganeer and Yellowhead.

The judgment of the county court is reversed on the cross-errors of appellee and the cause remanded, with directions to the county court to overrule the objections to the hard road taxes above referred to and to render judgment therefor.

*Reversed and remanded, with directions.*