THE PEOPLE *ex rel.* Jack Lusk, County Collector, Appellee, *vs.* THE CAIRO, VINCENNES AND CHICAGO RAILWAY COMPANY, Appellant.

*Opinion filed December 17, 1912.*

1. TAXES—*effect of amendment of section 14 of the Roads and Bridges law.* The effect of the amendment of section 14 of the Roads and Bridges act (Laws of 1911, p. 499,) is to remove the requirement that no additional levy can be made except in case of a contingency, and to provide that the limit upon the power of the commissioners fixed by section 13 can be exceeded only with the consent of the town auditors and the assessor for reasons left to their discretion, the word "and" having evidently been inadvertently omitted before the words "the reason therefor."

2. SAME—*objections not mentioned in county court cannot be urged in Supreme Court.* Objections to a tax which are not mentioned in the county court cannot be urged in the Supreme Court against the validity of the tax.

3. SAME—*what does not defeat tax to pay road damages agreed upon, allowed or awarded.* The fact that the highway commissioners, at the time road damages were agreed upon, allowed or awarded, advanced the amounts from the general fund for road and bridge purposes, does not deprive them of the power granted by section 15 of the Roads and Bridges act to make the levy at the proper time for the special purpose of paying such damages.

4. SAME—*when village tax levy for contingent expenses is excessive.* An item of $250 for contingent expenses where the total appropriation by the village is $1350 must be regarded as excessive, and an objection thereto upon such ground is well taken.

APPEAL from the County Court of Saline county; the Hon. K. C. RONALDS, Judge, presiding.

W. F. SCOTT, and P. J. KOLB, (ROBERT J. CARY, of counsel,) for appellant.

W. C. KANE, State's Attorney, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The appellant's objections to judgment against its property for taxes were overruled, and it appealed. The taxes involved are a town tax, the road and bridge taxes of several towns, the city tax of Eldorado and part of the village tax of Ledford.

The objection to the town tax is, that it was levied for town purposes without defining the particular purpose. The town clerk's certificate referred to the record entries of moneys voted to be raised at the town meeting and the certificate of the board of town auditors, and was in substantially the form adjudged sufficient in *People* v. *Chicago and Eastern Illinois Railroad Co.* 248 Ill. 118, and *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 id. 360.

In five towns the commissioners of highways levied a tax of thirty-six cents on the $100 and then certified to the board of town auditors and the assessor that an additional levy of from fourteen cents to twenty-five cents on the $100 in the respective towns was necessary, stating various reasons therefor in the different towns, none of which would have been sufficient, as amounting to a contingency, under section 14 of the Road and Bridge act prior to the amendment of 1911. The reason stated in one case was, that "the thirty-six cents on each $100 valuation is insufficient to keep up the roads and bridges of the said town." In each case the board of town auditors and assessor consented and the additional levy was made.

These additional levies are objected to, and it is insisted that the amendment of said section 14 made no substantial change; that the section is subject to the same construction as prior to the amendment; that any other construction would, in effect, nullify the limit in section 13; that the words "the reason therefor," in the amendment, have no grammatical connection with any other part of the section and are meaningless. It is evident that the word "and" has been omitted inadvertently before the words "the reason therefor," and the amendment is awkwardly inserted, but the meaning that the commissioners shall certify the necessity for the greater levy, and the reason therefor, is perfectly apparent. It is to be presumed that a change was intended by the amendment, and it is evident that the legislature intended to remove the requirement that no additional levy could be made except in case of a contingency, and to provide that the limit fixed on the power of the commissioners by section 13 should remain, and could be exceeded only with the consent of the board of town auditors and the assessor for reasons which were left to the latters' discretion.

The further objection is made to the road and bridge tax in the town of Raleigh that the commissioners never made a certificate of the additional levy, but since it appears by the record that this objection was not. mentioned in the county court it cannot be made here.

Objection was made to the levy of ten cents on the $100, made by the highway commissioners of the town of Harrisburg under section 15 of the Road and Bridge act, "to liquidate road damages already agreed upon, allowed and awarded," upon the ground that no damages had been agreed upon, allowed or awarded which were unpaid at the time of the levy. The evidence showed that certain sums had been agreed upon, allowed or awarded as damages but not to the amount of the levy, and the court sustained the objection to all except $62.53, for which judgment was ren-

dered. It appears that at the time these sums were agreed upon they were also paid by the commissioners out of the general fund for road and bridge purposes, and the levy now in controversy was made for the purpose of replacing the amount so taken from the general fund. Section 15 provides that "when damages have been agreed upon, allowed or awarded for laying out, widening, altering or vacating roads or for ditching to drain roads, the amounts of such damages, not to exceed for any one year, twenty cents on each $100 of the taxable property of the town, shall be included in the first succeeding tax levy, provided for in section 13 of this act, and be in addition to the levy for road and bridge purposes; and when collected, shall constitute and be held by the treasurer of the commissioners as a separate fund to be paid out to the parties entitled to receive the same." The fact that the commissioners have advanced, from the funds levied and collected for general road and bridge purposes, the amounts so agreed upon, allowed or awarded, does not deprive them of the power granted by section 15 to make the levy at the proper time for the special purpose of paying such damages.

The city tax of the city of Eldorado is objected to because no certified copy of the levy ordinance was filed with the county clerk. We have read the testimony of the city clerk, the county clerk and the witness W. C. Trusty, and from their testimony conclude that the trial court properly found that a certified copy of the tax levy ordinance had been filed with the county clerk and had been lost.

The tax levy ordinance of the village of Ledford showed an appropriation of $250 for contingent expenses in a total appropriation of $1350. This item was objected to as excessive and the objection was overruled. It should have been sustained. *People* v. *Chicago, Burlington and Quincy Railroad Co.* 253 Ill. 100.

The judgment of the county court will be affirmed in all things except as to the tax of the village of Ledford,

256 — 19

and as to that it will be reversed and the cause will be re-manded to the county court, with directions to enter judg-ment against the appellant's property for $98.95 on account of that tax.

> *Affirmed in part and remanded, with directions.*