(No. 10967.)

THE PEOPLE *ex rel.* Henry G. Hawkinson, County Collector, Appellee, *vs.* THE ATCHISON, TOPEKA AND SANTA FE RAILWAY COMPANY, Appellant.

*Opinion filed December 21, 1916.*

1. TAXES—*town clerk's records must show purpose for which money is to be raised.* To sustain a tax for town purposes there must be enough in the town clerk's records to make it plain that the tax is levied for purposes authorized by law.

2. SAME—*what is a sufficient showing of purposes for which tax is levied.* If from the record of the town meeting and certificate of the board of town auditors as to the accounts audited by them and on file with the town clerk it can be seen that all the purposes for which the levy for town purposes is made are authorized by law the showing is sufficient.

3. SAME—*an unnecessary vote by the town meeting in favor of tax does not render the tax invalid.* There are some expenses for which taxes may be levied without a vote of the town meeting, and an unnecessary vote by the town meeting in favor of levying a tax for such expenses will not render the tax invalid if otherwise legally levied.

4. SAME—*objectors must prove claim that town clerk's records do not show purpose for levying tax.* The presumption is that all officers having any connection with a tax have properly discharged their respective duties as to levying the same, and this presumption can be overcome only by clear testimony, and where it is objected that the town clerk's records do not show that a town tax was levied for purposes authorized by law, it is the duty of the objectors to introduce the records in evidence, including the certificates of the town auditors, if necessary.

DUNN and CARTWRIGHT, JJ., dissenting.

APPEAL from the County Court of Knox county; the Hon. R. C. RICE, Judge, presiding.

ROBERT DUNLAP, LEE F. ENGLISH, JAMES L. COLEMAN, and WILLIAMS, LAWRENCE, WELSH & GREEN, for appellant.

P. J. LUCEY, Attorney General, A. J. BOUTELLE, State's Attorney, and FRANK & WOOLSEY, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

This is an appeal from a judgment and order of sale entered by the county court of Knox county for alleged delinquent taxes for the year 1915 against appellant's property situated in the town of Persifer, in said county.

In his application to the June term of said county court the collector showed delinquent taxes amounting to $244.16 levied upon said property. Objections were filed to this tax on the ground that the certificate of the town clerk was too indefinite; that said certificate stated that it was voted at the annual town meeting held on April 6, 1915, that a tax should be levied upon all the taxable property for the year 1915 "for the following specific town purposes, to-wit: For the purpose of providing funds for the defraying of regular town expenses, printing and publishing ballots and paying the salary of town officer and other necessary expenses, $800, the total amount being $800, as appears from the records and files in my office." It is argued that these amounts should be itemized to show the different amounts appropriated for paying the expenses of printing and publishing ballots and for the salary of the town officer, and that the other expressions in the certificate, "for the defraying of regular town expenses," and "other necessary expenses," are both too indefinite.

This court in *Wright* v. *People,* 87 Ill. 582, in discussing the definiteness required in the certificate of town taxes, said (p. 585): "The only instance in which the details of the town charges are to be preserved, that we are aware of, is in the report of the board of town auditors to the town clerk. * * * We know no requirement of itemization in the resolutions of the town meeting." In *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 Ill. 360, the court, in discussing this question, said (p. 365): "Appellant objected to certain taxes in the town of Stone Fort because the certificate of the town clerk did not show the

276 — 14

specific purposes for which each item of taxes was levied. * * * The law does not require the town clerk to state specifically what amount is levied for each purpose. Any information the tax-payer may desire on that subject is obtainable from the certificate of the board of town auditors on file with the town clerk." In *People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 Ill. 557, the court said (p. 561): "A portion of the town tax of East Eldorado was objected to because the certificate of the town clerk was for a total sum of $4000, including moneys voted at the annual town meeting and accounts audited by the town auditors. The source of information as to the separate items is to be found by the tax-payer in the town clerk's office and they need not be stated by the town clerk." (See to the same effect, *People* v. *Jackson, 272* Ill. 494.)

This court has said it is not sufficient for the records of the town clerk simply to show that the money is to be raised for "town purposes;" that there must be enough in the town clerk's records to show for what purpose the money is authorized to be raised, in order to make it plain that it is for purposes authorized by law. (*People* v. *Chicago and Alton Railroad Co.* 194 Ill. 51; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *People,* 205 id. 582.) Whatever is said in these last cases to the effect that the items must be in the records of the town meeting as kept by the town clerk was said only with reference to the specific facts of those cases. Under the decisions of this court as already cited, it is sufficient if from the record of the town meeting and the certificate of the board of town auditors as to the accounts audited by them, on file with the town clerk, it can be seen that all the purposes for which the levy is made are authorized by law.

It is evident that under the law the town meeting does not have to vote in favor of certain of the town expenses in order to have them legally levied. Section 5 of article 13 of the Township Organization law (Hurd's Stat.

1916, p. 2656,) provides: "The accounts so audited, and those rejected, if any, shall be delivered, with the certificate of the auditors, or a majority of them, to the town clerk, to be by him kept on file for the inspection of any of the inhabitants of the town. They shall also be produced by the town clerk at the next annual meeting, and shall be there read by him." Section 7 of the same article provides, among other things, that the board of town auditors shall make a certificate "specifying the nature of the claim or demand, and to whom the amount is allowed, and shall cause such certificate to be delivered to the town clerk of said town, to be by him kept on file for the inspection of any of the inhabitants of said town; and the aggregate amount thereof shall be certified to the county clerk at the same time and in the same manner as other amounts required to be raised for town purposes, which shall be levied and collected as other town taxes." Section 8 of the same article provides: "The following shall be deemed town charges: 1. The compensation of town officers for services rendered their respective towns. 2. Contingent expenses necessarily incurred for the use and benefit of the town. 3. The moneys authorized to be raised by the vote of a town meeting, for any town purposes. 4. Every sum directed by law to be raised for any town purposes."

Counsel for appellant insist that in view of the stipulation signed by the parties on the trial below, under which certain evidence was introduced and the hearing had, as well as the form of the certificate filed by the town clerk with the county clerk, it follows that the certificate of the town auditors contains no other or different itemization of the purposes for which the tax was to be levied than did the resolution passed at the annual town meeting. That part of the stipulation relied on reads as follows: "It was stipulated by all the parties hereto, by their respective counsel, that said portion of the record of the annual town meeting of said town of Persifer, as hereinbefore offered in

evidence by said objector, was the only portion of the record of the annual town meeting held in said town on the 6th day of April, A. D. 1915, containing any statement as to the purpose or purposes for which said town tax of eight hundred ($800) dollars was levied." It will be noted that this in no way refers to the certificate of the town auditors, and while section 5 above quoted requires the town clerk to read this certificate to the town meeting, the statute does not provide that a copy of said certificate or statement of its substance shall be a part of the record of the town meeting. From the decisions of this court heretofore cited, not only the records of the town meeting but the certificate of the auditors on file with the town clerk can be referred to in order to find out what the items were for which the tax is to be levied.

It is true, as argued by counsel for appellant, that the certificate, the substance of which has been set out in this opinion, shows that the town meeting voted in favor of all of the $800 taxes that were to be levied, and counsel insist from this that the town meeting did not vote any part of said $800 for any purpose on which it was not necessary for the meeting to vote. With this we do not agree. Under the reading of the law it was not necessary for the town meeting to vote for some of the expenses of the town for which taxes must be levied. (See *People* v. *Chicago and Eastern Illinois Railroad Co.* 248 Ill. 118.) The records of the town clerk, as introduced by appellant, show that the town clerk read the town auditors' report at the town meeting and that it was adopted. Said records also show that the town auditors advised and recommended in their report that the town levy a tax of $800. Manifestly, the report of the town auditors included in this recommendation all the taxes to be levied by the town, whether it was necessary for the annual town meeting to vote in favor of certain portions of said taxes or not. The town meeting voted in favor of levying the tax for this entire $800,

and we think the conclusion is inevitable, from the record before us, that said meeting voted in favor of levying certain taxes for town purposes not necessary for it to vote on. An unnecessary vote by the town meeting in favor of levying a tax would not render such tax invalid if it was otherwise legally levied.

The certificate of audit by the town auditors is not found in this record. This certificate, taken in connection with the town clerk's record of the town meeting as to the levying of the town taxes, might show that all these taxes were to be levied for lawful town purposes. That is all the law requires to be shown. It was the duty of counsel for appellant to offer the certificate of audit in evidence if they wished the court to hold that the town clerk's records did not show that the tax was levied for purposes authorized by law. Those objecting to a tax have the burden of proving its invalidity. The presumption is that all officers having any connection with a tax have properly discharged their respective duties as to levying the same. This presumption can only be overcome by clear testimony. *People* v. *Atchison, Topeka and Santa Fe Railway Co.* 261 Ill. 33, and cited cases.

The judgment of the county court must therefore be affirmed.

*Judgment affirmed.*

DUNN and CARTWRIGHT, JJ., dissenting:

Section 4 of article 12 of the Township Organization act requires the town clerk to certify to the county clerk, annually, the amount of taxes required to be raised for all town purposes. The authority of the county clerk for the extension of town taxes is the certificate of the town clerk, without which any attempt to extend such tax is illegal and void, and back of the certificate must be a levy of the tax by the proper township authorities. (*Indiana, Decatur and Western Railway Co.* v. *People,* 201 Ill. 351.) In this case

the certificate of the town clerk stated that it was voted at the annual town meeting held on April 6, 1915, that a tax should be levied upon all the taxable property for the year 1915 "for the following specific town purposes, to-wit: For the purpose of providing funds for the defraying of regular town expenses, printing and publishing ballots and paying the salary of town officer and other necessary expenses, $800, the total amount being $800, as appears from the records and files in my office." It was stipulated that the record of the vote mentioned in the certificate was the only statement of the purposes for which the tax was levied contained in the record of the town meeting. The purposes mentioned are (1) for the defraying of regular town expenses; (2) for printing and publishing ballots; (3) for paying the salary of the town officer; (4) for other necessary expenses. The second and third of these were purposes for which the town might legally levy taxes. So far as the first and last are concerned, it has been many times held that the levy of a tax by a vote of the town meeting purporting to be for town purposes but not otherwise indicating the nature of such purposes or that they were such as the town was authorized or required by law to carry into execution, was void. In *People v. Chicago and Alton Railroad Co.* 194 Ill. 51, the town meeting adopted motions that "$1750 be levied as a tax for town purposes," and that "a tax of $1750 be levied for the payment of outstanding judgments against the town." In *Cleveland, Cincinnati, Chicago and St. Louis Railway Co. v. People,* 205 Ill. 582, the levy purported to be "to defray the expenses of the town for the ensuing year." In *Cincinnati, Indianapolis and Western Railway Co. v. People,* 207 Ill. 566, the levy in the town meetings of two of the townships appeared to be for "town purposes" and in a third to pay the township indebtedness to Hunt City township on the apportionment of the appraisement "and other town expenses." In *Cincinnati, Indianapolis and Western Rail-*

*way Co.* v. *People,* 213 Ill. 197, the town meeting of the town of Decatur voted to levy $3000 as a tax for town purposes. In each of these cases it was held that the statement of the purpose for which the town taxes were levied was insufficient, and in the last of them it is said that "we have so frequently held that such a designation of a town tax is insufficient that a reference to the cases on that subject is no longer necessary." The reason that such a designation of purposes is insufficient is given in *People* v. *Chicago and Alton Railroad Co. supra,* in the following language: "It is not sufficient that an annual town meeting shall have voted upon a proposition to raise money by taxation 'for town purposes,' for the reason the tax-payer cannot be required to contribute to the execution of many purposes which the voters at an annual town meeting might think would best conserve the interests of the inhabitants of the town and the purposes of the corporate existence of the town, but only to such purposes as the law has required or authorized the town, as a corporate entity, to forward or accomplish. The tax-payer is not to be concluded by the opinion of the electors as to what are the legal purposes to forward which he may be required by the town to part with his money by way of taxation upon his property. He has the right to know and be informed by the proposition adopted by an annual town meeting directing that money be raised by taxation, the purpose for which the exaction of the tax is ordered."

It is true, as held in the cases of *Wright* v. *People,* 87 Ill. 582, *People* v. *Cairo, Vincennes and Chicago Railway Co.* 247 id. 360, *People* v. *Cairo, Vincennes and Chicago Railway Co.* 266 id. 557, and *People* v. *Jackson,* 272 id. 494, cited in the opinion of the court, that neither the town clerk in his certificate nor the town meeting in its resolution is required to itemize the amount levied for each purpose. A levy may be made for a gross sum, but the purposes for which the taxes are to be used must be stated in

order that the tax-payer may know that they are purposes for which the town meeting is authorized by law to levy a tax, and that he may, if necessary, require the tax, when collected, to be applied to those purposes or prevent its application to other purposes.

It is conceded that a levy for "town purposes" is insufficient. For the same reason the first and last purposes mentioned in the levy here in question must be conceded to be insufficient. The majority opinion gives some consideration to a supposed certificate of the board of town auditors which does not appear in the record. If the record did contain such a certificate it would be entitled to no consideration in this case. Neither the certificate of the town clerk nor the resolution of the town meeting makes any reference to the certificate of the board of town auditors. The resolution states the purposes for which the levy was made, and the certificate is based entirely on the resolution. The board of town auditors has no authority to levy a town tax. (*Peoria, Decatur and Evansville Railway Co.* v. *People,* 141 Ill. 483; *St. Louis, Rock Island and Chicago Railroad Co.* v. *People,* 147 id. 9.) The electors at an annual town meeting have nothing to do with claims against the town and no authority to levy a tax to pay them, whether they have or have not been allowed by the board of town auditors. (*St. Louis, Rock Island and Chicago Railroad Co.* v. *People, supra; People* v. *Chicago and Alton Railroad Co.* 193 Ill. 364; *People* v. *Chicago and Alton Railroad Co. supra.*) Section 7 of article 13 of the Township Organization act requires the town clerk to certify the aggregate amount of the claims allowed and certified by the board of town auditors "to the county clerk at the same time and in the same manner as other amounts required to be raised for town purposes," and when so certified the county clerk is authorized to extend such amount in the same manner as other town taxes. A tax can be lawfully extended to pay claims against a town only when such claims

have been allowed and certified by the board of town aud-
itors and their aggregate amount has been certified by the
town clerk to the county clerk. For such purpose the town
meeting has no power to levy a tax but for other purposes
mentioned in the statute the town meeting may authorize
the levy of a tax, and the statute authorized the town clerk
to certify the amounts to be raised for all purposes at the
same time and in the same manner. It is not necessary
that the town clerk set out in his certificate that all the an-
tecedent steps have been taken, and the fact that the town
meeting has voted to levy a tax to pay the claims does not
invalidate the effect of the action of the board of town
auditors and town clerk in allowing the claims and certify-
ing the amount to the county clerk. (*People* v. *Chicago
and Eastern Illinois Railroad Co.* 248 Ill. 118.) It is nec-
essary, however, that such antecedent steps shall have been
taken.

In this case the town clerk made no certificate of any
amount based upon the certificate of the town auditors. His
certificate refers only to the vote at the town meeting to
raise $800 in gross for four different purposes, for only
two of which was the town meeting authorized to levy a
tax. It was not necessary for the town meeting to item-
ize the tax so as to show how much was levied for each
purpose, but if it had done so the amount lawfully levied
could have been extended properly and the residue rejected.
Since the levy was made in gross and is in part illegal, with
no way to separate the legal from that which is illegal, no
part of the tax could lawfully be extended against the prop-
erty in the township.

The appellant's objections should have been sustained.