(No. 13332.—Reversed and remanded.)

J. J. MARTIN *et al.* Appellees, *vs.* H. H. HART *et al.* Appellants.

*Opinion filed December 21, 1920—Rehearing denied Feb. 9, 1921.*

1. HIGHWAYS—*particular kind of road may be petitioned for under act of 1917.* The fact that the Roads and Bridges act of 1917 provides a general form of ballot presenting the question whether a special tax shall be levied "for road purposes," does not preclude the specifying, in the petition for the election, of the particular kind of road to be voted upon.

2. SAME—*notice and ballot, under act of 1917, need not follow language of petition.* Under the Roads and Bridges act of 1917 the election notice and ballot need not follow the petition for the election in its description of the kind of road which the petitioners desire to construct, which may be of any character authorized by the statute, but the election, when held, will be upon the particular kind of improvement specified in the petition notwithstanding the general wording of the notice and ballot.

3. SAME—*what does not render road election invalid.* Every voter is charged with knowledge of the law that a petition may call for any of the different methods of road improvement specified in the statute, and the fact that the form of the ballot for the election is general does not invalidate the election if such ballot is not contradictory of the petition or misleading.

4. SAME—*special election not invalid because held shortly before regular election.* A special hard roads election called in pursuance of a petition for a special election and in accordance with the statute is not invalid merely because it is held shortly before the regular election.

APPEAL from the Circuit Court of Coles county; the Hon. JOHN H. MARSHALL, Judge, presiding.

EDWARD C. CRAIG, DONALD B. CRAIG, JAMES W. CRAIG, ·JR., FRED H. KELLY, and JAMES CRAIG VANMETER, for appellants. ;

BRYAN H. TIVNEN, (THOMAS R. FIGENBAUM, and HARRY I. HANNAH, of counsel,) for appellees.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellees, land owners and tax-payers of the township of North Okaw, in Coles county, filed their bill in the circuit court of that county to enjoin the appellants, the commissioner of highways and town clerk, from levying a tax and issuing bonds of the town in pursuance of an election held on March 22, 1919, under the statute which provides for improving roads and borrowing money for that purpose. The bill was answered and the cause heard on an agreed statement of facts. The chancellor being of the opinion that the election did not authorize the levy of a tax or the issuing of bonds because the notices specifying the forms of ballots and the ballots used at the election did not follow the petition in specifying the particular kind of a road to be improved, enjoined the appellants as prayed.

One petition was for a special town election to vote for or against an annual tax "For the purpose of constructing and maintaining gravel, rock, macadam or other hard roads" therein described, and it provided: "All of which said roads are to be improved by laying a nine-foot brick pavement on a concrete base." The other petition was for a special election to vote on the question, "Shall bonds for road purposes be issued to the amount of forty-five thousand dollars ($45,000)?" This was followed by the location and routes of the roads to be improved and the same provision, "All of which said roads are to be improved by laying a nine-foot brick pavement on a concrete base."

The clerk posted notices, in pursuance of the petitions, for an election on the same day, and the notice for the vote on the tax specified that it was to be for or against a tax "For the purpose of constructing and maintaining gravel, rock, macadam or other hard roads," and the form of the ballot was given as follows: "Shall a special tax for road purposes be levied?" The notice posted in pursuance of the petition for borrowing money stated the purpose to be, voting on the proposition, "Shall bonds for road purposes be issued to the amount of forty-five thousand dollars ($45,000)?" and that the vote would be by the Australian ballot. The clerk also caused publication of sample ballots to be made in like form. The notices omitted any reference to the limitation of each petition, "All of which said roads to be improved by laying a nine-foot brick pavement on a concrete base," and the ballots were in the form stated in the notices, with a like omission. The notices recited the presentation of the petitions, and the question to be determined is whether it was necessary that the notices and ballots should specify the particular kind of hard road to be constructed.

This question has been before the court under former statutes, and it was considered necessary if a particular kind of hard road were petitioned for, that the ballot should specify that kind of road and not include other kinds. The question was decided under the act of 1883, (Laws of 1883, p. 132,) which authorized a petition for a tax for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads, and provided that the ballots at the election should contain the following form: "For special tax for gravel, rock, macadam or other hard roads," or "Against special tax for gravel, rock, macadam or other hard roads." The question came up in one case where a petition for a tax was presented to a town clerk for a vote upon the proposition to levy a tax to be used in constructing macadamized roads, and the ballot was in the

form prescribed by the statute, including gravel, rock, macadam or other hard roads. In another case an election was held where the petition was for constructing and maintaining crushed rock roads, and the statutory ballot was used. In another, gravel roads were petitioned for and voted upon and the election held valid. In all these cases it was decided that the petitioners had a right either to petition for a vote to levy a tax for gravel, rock, macadam or other hard roads if they were indifferent as to the kind and leave the character of road to the highway commissioners, or might determine the kind of a road they wanted voted upon, and if they exercised their option the vote must be upon the kind of road petitioned for. *People* v. *Kankakee and Seneca Railroad Co.* 248 Ill. 114; *People* v. *Cincinnati, Indianapolis and Western Railway Co.* 261 id. 582; *People* v. *Illinois Central Railroad Co.* 266 id. 240; *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* id. 98.

In 1913 the act of 1883 was repealed and the law in relation to roads and bridges was revised. (Laws of 1913, p. 520.) Subdivision 8 provided for the proceeding to levy a tax for hard roads and also for borrowing money to construct such roads. There was no substantial change in the provision respecting the ballot except to make it conform to the Australian Ballot law. The act provided for a petition for an election to vote for or against a tax "For the purpose of constructing and maintaining gravel, rock, macadam or other hard roads," and the ballot was to be substantially in the following form: "For special tax for gravel, rock, macadam or other hard roads." The provisions for an election for borrowing money were that the petition and notices should be for an election on the proposition, "For borrowing $....... (to construct or maintain gravel, rock, macadam or other roads or to construct or repair any bridge or bridges or to construct or to repair any other distinctive work on the road.)" The ballot

was to be in the following form: "For borrowing $......
to construct or maintain gravel, rock, macadam or other
roads." The conclusion under that act would necessarily
be the same as under the act of 1883, and under either an
election would be invalid if the ballot was contradictory
of the petition and the vote was for something not peti-
tioned for.

In 1917 the sections of the act of 1913 relating to elec-
tions for hard roads and borrowing money were amended,
(Laws of 1917, p. 710,) and the election in the town of
North Okaw was held under that act. As amended the
act provides for a petition for an election to vote for or
against a tax "For the purpose of maintaining gravel, rock,
macadam or other hard roads or for improving, main-
taining or repairing earth roads by draining, grading, oil-
treating or dragging," and provides that the ballot shall be
substantially in the following form: "Shall a special tax
for road purposes be levied?" It also provides for a peti-
tion for an election at which a vote will be taken on the
question, "Shall bonds for road purposes be issued to the
amount of $.......?" notices to be given of a vote on the
question, "Shall bonds for road purposes be issued to the
amount of $.......?" and a ballot in substantially the fol-
lowing form: "Shall bonds for road purposes be issued
to the amount of $.......?" The statute was literally fol-
lowed in petitioning for and calling the election and in the
ballots used except that the notices for the tax omitted
maintaining or repairing earth roads and was confined to
hard roads in accordance with the petition, and therefore
was not misleading or contradictory of the petition. The
notice in each case stated that a petition had been filed,
and the ballots were of a general nature and in the pre-
cise statutory form. They included the purposes of the
petitions and did not conflict with them.

Counsel for appellants take some positions which are
clearly untenable. One is, that the limitation of the peti-

tion for the tax that the roads were to be improved by laying a nine-foot brick pavement on a concrete base is to be rejected as surplusage. That would be to limit the right of petitioners to select the kind of hard road which they desired and permit the authorities to build any kind of a road and defraud the petitioners of their rights, which could not be tolerated. Another is, that by the act of 1917 the alternative provisions of the previous acts have been eliminated, which is not true. They have not only not been eliminated, but additions have been made permitting the petitioners to petition for the improvement of earth roads.

To provide for initiating, calling and conducting elections is a legislative function and the General Assembly may prescribe the form of the ballot, but where the statute provided for a petition for different kinds of roads in the alternative and the petitioners selected one kind, the court could not attribute to the General Assembly an intention that the votes should be for all kinds. That would be subversive of the foundation principle of an election, which involves choice and entire freedom in choosing. It did not clearly appear that there was an intention that the prescribed form of ballot, which could not apply in a case where the petitioners had selected one kind of road, must be used, and the court was enabled to construe the act so that if a definite kind of road was petitioned for, the votes should be had upon that kind of road. By the act of 1917 the petitioners were authorized to ask for an election to vote on improving dirt or earth roads, and the ballot provided for was to be substantially in the following form: "Shall a special tax for road purposes be levied?" Both the improvement of hard roads of various types and the improvement of earth roads in different ways were provided for, and all of these are road purposes. Every voter is charged with knowledge of the law and that a petition may call for any of the different methods of road improvement specified in the statute, all of which are road pur-

poses, and the general form of the ballot is neither misleading nor a source of misinformation. The notices for the election in question stated, as they were required to state, that petitions had been filed with the town clerk, and it would be quite unreasonable to hold that the contents of the petitions must be contained in the ballot. In neither case did the notices nor the form of ballot in any manner conflict with the petition or limit or extend beyond the petition the kind of hard roads to be constructed or for which money was to be borrowed. While the ballot must not contradict the petition nor permit a vote upon a different question, there is no objection to the generality of a ballot if it directs the attention of the voter to the proposition upon which he is to vote. In cases where elections were held invalid the ballots by which the voters registered their will were misleading, while in this case that is not true, since they were general and did not specify a particular purpose or list of separate and distinct purposes.

The statute required a petition for a bond issue signed by the commissioner of highways, and every signer expected and intended that he should sign it. It was in accordance with that intention that the petition was withdrawn and signed by him and no further consent was necessary.

The petitions called for a special election and the statute provided how it should be called. It was not illegal because it was shortly before the regular election.

There were two petitions and separate notices, and, in effect, two elections. It was not necessary that the ballots should be on the same sheet of paper.

There being no departure from the terms of the statute, which defines the method of petitioning for, calling and holding the election, it is free from any valid objection.

The decree is reversed and the cause remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*