The county treasurer and ex-officio county collector of Edgar county, Illinois, made application for judgment and order of sale of certain property in that county belonging to the Cleveland, Cincinnati, Chicago and St. Louis Railway Company for delinquent special road taxes in amount of $949.17, levied by the commissioner of highways of the town of Grandview. Objections filed by the railway company were sustained by the county court and judgment was denied. An appeal has been perfected to this court by the collector.
The facts presented by the record are as follows: December 9, 1929, a petition signed by twenty-five per cent of the land owners who were legal voters in the town of Grandview was presented to the town clerk of that township requesting him to submit at a special election to be called by him, the proposition "shall a special tax for road purposes be levied" annually, beginning with the current year, at the rate of thirty-three and one-third cents on each $100 of the assessed valuation of all the taxable property, including railroads, in said town, for a period of five years. The petition recited that the money derived from such special levy was to be used for the purpose of constructing and maintaining gravel, rock, macadam or other hard roads, or for repairing earth roads by draining, grading, oil-treating or dragging. Twenty-two roads to be improved were described in the petition. The town clerk designated December 23, 1929, as the time and the Grandview town house as the place for holding the special election, and posted notices thereof in ten of the most public places in the township thirteen days prior to the election. The notices posted, *Page 32 
with some very slight alterations, had been printed or prepared for a previous bond election held December 22, 1928, in the same township. The roads as described in the petition appeared in the notices used, and a sticker bearing the date of the special election was placed over the old date. The notices referred to the petition filed with the town clerk, and stated the election was called pursuant thereto for the purpose of voting on the question, "Shall a special tax for road purposes be levied?" The notices did not state the amount or rate per cent to be levied annually. One of the posted notices was introduced in evidence by the railway company over the objection of the collector. It was removed from a telegraph pole located near Shield's store, in the town of Dudley, and the record shows the town clerk posted one of his ten notices at this place. A witness named Yowell, living in Dudley, testified that he received word from the town clerk that the latter had posted a notice on a telegraph pole near Shield's store and that the sticker bearing the date of the election might have been washed off the notice, and if such were the case Yowell was requested to change the date. Yowell, with one Baber, went to the pole one rainy day before the election, found no sticker upon the notice, and Yowell marked out the figures "22" on the notice and put down "23" instead but did not change the year, so that the date, after the change, was December 23, 1928. Baber corroborated Yowell about the condition of the notice and the change made upon it.
It is the contention of appellant, the collector, that if the notices of election required under our statute to be given by the town clerk set forth the question to be voted upon, the time and place of the election, and referred to the petition filed with the clerk requesting that such an election be called, then such notice is sufficient. Appellant also contends that the court erred in refusing to admit in evidence the petition, a notice of the election published in a daily newspaper having a general circulation in Grandview township, *Page 33 
and that the court erred in admitting in evidence the changed notice taken from the telegraph pole near Shield's store and in considering evidence relative to such mutilated notice. Appellee contends that the notices were deficient and not posted in accordance with the statute.
The two material questions involved are, was the tax levied illegal and void because the notices given by the town clerk did not specify the amount or rate per cent to be levied annually, and were notices properly posted as provided by statute.
Section 108 of chapter 121 of the act on roads and bridges (Smith's Stat. 1929, p. 2486,) provides as follows: "On the petition of twenty-five per cent of the land owners who are legal voters of any township to the town clerk thereof in counties under township organization or road districts in counties [not] under township organization, to the district clerk he shall, when giving notice of the time and place for holding the next annual town meeting or road district election, also give notice that a vote will be taken at said election or meeting for or against an annual tax not to exceed thirty-three and one-third (33 1/3) cents on each one hundred dollars assessed valuation of all the taxable property including railroads, in the township or road district, for the purpose of constructing and maintaining gravel, rock macadam, or other hard roads, or for improving, maintaining or repairing earth roads by draining, grading, oil-treating or dragging. Said petition shall state the location and route of the proposed road or roads, and shall also state the annual rate per cent not exceeding thirty-three and one-third (33 1/3) cents on each one hundred dollars and the number of years not exceeding five, for which said tax shall be levied. If in any such petition a special election shall be requested for such purposes it shall be called in the manner provided for calling special elections in section 112 of this act." The portion of section 112 of the same act that applies to calling a special election recites: *Page 34 
"If in any such petition a special election shall be requested for such purpose, it shall be called as follows: Upon the filing of such petition the town or district clerk shall call such special town or district election, by posting up in ten of the most public places in said town or district, at least ten days prior to the day fixed for said special town or district election, notices of such special town or district election. Said notice in either case shall refer to the filing of the petition and set forth the question to be voted upon as follows: 'Shall bonds for road purposes be issued to the amount of $..........?' and the time and place of holding such election. Such special election shall be held at the place of the last annual town or district election and shall be conducted and returns thereof be made in the same manner as regular annual town or road district elections."
It will be seen that if a petition filed under section 108 requests a special election for the purpose of submitting the question of road improvement to a vote, then such election must be called under the provisions of section 112. The latter section requires posting of notices by the town clerk in ten of the most public places in the township at least ten days prior to the day fixed for the election. The notice shall refer to the filing of the petition, shall designate the time and place of holding such election, and shall set forth the question to be voted upon as follows: "Shall bonds for road purposes be issued to the amount of $........?" The petition here was not filed under section 112, which provides for an election for the issuance of bonds, but it was filed under section 108 of the statute and the special election was called under section 112. The real purpose of the notices was to give to all qualified electors knowledge that the question of the levy of an additional tax for road purposes was to be voted upon. If the amount of bonds to be issued must be designated in the notice of election, then it seems that the amount or rate per cent to be levied annually by taxation would be of equal importance and *Page 35 
necessity. Reading the two sections of the statute we think such was the intention of the legislature, and in our opinion the notices should have contained this information to properly advise and inform the land owners who are legal voters in the township and whose property would receive an additional burden from such a tax. The requirements of notice of an election to vote upon a proposition to construct hard or improved roads should follow and agree with the petition. (People v. Kankakeeand Seneca Railroad Co. 248 Ill. 114.) The petition in the instant case did specify the rate to be levied on each $100 of the assessed valuation of all the property within the township but no such information was given in the posted notices.
The statute does not provide for notice to be given by publication, hence we think the court properly refused to admit in evidence a notice alleged to have been published in a daily newspaper generally read in that community.
The record shows that the notices used by the town clerk were left over from a previous bond issue election held in the same township and that stickers were used to correct the date of the election. If a sticker was originally used upon the notice of election posted on the telegraph pole near Shield's store in Dudley there was none on the notice when Yowell and Baber saw it before the day of the election. Even after Yowell changed the day of the month on the notice the date mentioned thereon for the election was still incorrect, and the notice may have misinformed some of the qualified voters in that vicinity. We know of no statutory provision concerning the use of stickers upon notices of this character which are to be posted, but their use is not to be encouraged or sanctioned, particularly where such notices are subjected to inclemencies of the weather. If this particular notice was improperly dated, then, under the proof of the town clerk, there could have remained but nine notices posted in other parts of the township. The statute requires ten notices of election to be properly posted. *Page 36 
Laws which confer upon municipal authorities, such as highway commissioners, the right to levy a tax must be strictly construed and their requirements must be strictly complied with or the power will not be conferred. People v. Kankakee andSeneca Railroad Co. supra.
We see no error in the rulings of the county court, and the judgment will therefore be affirmed.
Judgment affirmed.